# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>C. OGBUEHI, et al.<br><br>Defendants. | Case No.: 1:17-cv-01128-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br>(ECF No. 2)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

## I.

## INTRODUCTION

Plaintiff Raymond Alford Bradford is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On October 19, 2017, Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule 302. (ECF No. 8.)

Plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) is currently before the Court. (ECF No. 2.)

## II.

## MOTION TO PROCEED IN FORMA PAUPERIS

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related

screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. Andrews, 493 F.3d at 1050. The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff is subject to section 1915(g) because on three or more occasions he has filed actions that have been dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.[1] Thus, the Court turns to whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed suit on August 22, 2017. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury requirement is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

In this case, Plaintiff asserts claims based on two events. First, Plaintiff asserts inadequate medical care by prison officials that resulted in him contracting Valley Fever in 2015. There are no allegations of inadequate treatment for the Valley Fever or related symptoms; instead, Plaintiff's complaint is based on the failure to prevent him from the initial contraction of the illness.

Second, Plaintiff asserts a lack of adequate medical care from about February 2016 through the present date for deep vein thrombosis ("DVT") and ulcers. Liberally construed, Plaintiff alleges that the lack of treatment for these medical conditions continues to cause pain, swelling, soreness, and discomfort, to the point where he cannot walk on his right leg. Plaintiff repeatedly asserts that these

---

[1] The Court takes judicial notice of the following cases: Bradford v. White, et al., No. 2:98-cv-00180-FCD-JFM-PC (dismissed June 3, 1999 as frivolous); Bradford v. Terhune, et al., No. 1:04-cv-05496-AWI-DLB-PC (dismissed Oct. 21, 2004 for the failure to state a claim); Bradford v. Grannis, No. 2:05-cv-00862-FCD-DAD-PC (dismissed Sept. 30, 2007 as frivolous and for the failure to state a claim); and Bradford v. Terhune, et al., No. 1:04-cv-05261-LJO-SMS-PC (dismissed May 12, 2008 for the failure to state a claim).

issues continue through the date of his complaint, and therefore appears to assert that he continues to suffer from severe pain and medical symptoms limiting his ability to walk through the date that he filed his complaint and initiated this lawsuit.

The Court finds that, liberally construed, Plaintiff's allegations plausibly demonstrate the existence of an imminent danger of serious physical injury when he filed his complaint. Accordingly, Plaintiff's application to proceed in forma pauperis in this action shall be granted.

The Court now turns to screening the allegations of Plaintiff's complaint, filed on August 22, 2017. (ECF No. 1.)

## III.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not

sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## IV.
## COMPLAINT ALLEGATIONS

Plaintiff is currently incarcerated at R.J. Donovan Correctional Facility, in San Diego, California. His allegations concern events while he was incarcerated at Kern Valley State Prison ("KVSP"), in Delano, California. Plaintiff names the following defendants: (1) I. Usher, a Correctional Counselor at KVSP; (2) S. Rimbach, the Acting Warden at KVSP; (3) K. Brown, the Chief Executive Officer at KVSP; (4) L. Gant, an LVN-RN at KVSP; (5) J. Sao, a physician at KVSP; (6) J. Wang, a physician at KVSP; (7) C. Ogbuehi, a physician at KVSP; (8) M. Spaeth, a physician at KVSP; (9) S. Lopez, the Chief Medical Officer at KVSP; and (10) W. Ulit, a physician at KVSP. Plaintiff sues these defendants in their individual and official capacities.

Plaintiff arrived at Kern Valley State Prison on or about March 5, 2015. Plaintiff was labeled "high risk" medical upon arrival, but was denied the test for cocci/Valley Fever. Plaintiff was also denied a N-95 mask to prevent the infection.

Defendants C. Ogbuehi, M. Spaeth, S. Lopez, W. Ulit, K. Brown, L. Gant, J. Sao, J. Wang, I. Usher, and S. Rimbach were all aware of a pattern of ongoing violations at KVSP by numerous studies and internal information provided to them. However, they did not provide or implement measures recommended by medical experts to protect inmates such as Plaintiff from cocci/Valley Fever. On or about September 6, 2015, Plaintiff complained to these defendants about having flu-like symptoms, but was not tested. On November 11, 2015, Plaintiff was hospitalized. Plaintiff was later diagnosed with Valley Fever.

Plaintiff exhausted all available administrative remedies, and his 602 appeals were denied. His requests for the N-95 mask and testing were denied, and his request for soil stabilization and cleaning out the cell vents was denied as well.

Defendants C. Ogbuehi, M. Spaeth, S. Lopez, W. Ulit, K. Brow, L. Gant, J. Sao, J. Wang, I. Usher, and S. Rimbach failed to protect Plaintiff from contracting cocci/Valley Fever, knowing that he is a "high risk" medical, and failing to test him. Defendant Ogbuehi is a physician with access to

4

Plaintiff's medical records, who knew of Plaintiff's medical condition. Defendants Ulit, Wang, and Spaeth are physicians who had access to Plaintiff's health care records. Defendants Lopez (the Chief Medical Officer at KVSP) and Brown (the Chief Executive Officer at KVSP) denied Plaintiff's appeals, and were aware of Plaintiff's medical status, but failed to transfer him. Defendants Usher (a Correctional Counselor at KVSP) and Rimbach (Acting Warden at KVSP) were also aware of Plaintiff's medical status, but failed to protect him from contracting Valley Fever.

On or about February 2016 through the date of the complaint, Plaintiff complained to Defendants Gant, Ulit, Spaeth, Wang, Brown, Sao, and Ogbuehi about swelling, soreness, pain, and discomfort, and about his sick call slips being thrown out. The Defendants all informed Plaintiff that nothing was wrong with his leg, and he needed no treatment, without doing any examination. The Defendants sent Plaintiff back to his assigned cell. This caused Plaintiff to suffer unnecessary pain and allowed his ailment to worsen to the point that he cannot walk on his right leg.

Regarding Plaintiff's 602 appeals about his sick call slips being thrown out, resulting in his not being able to seek medical care, Defendant Gant told Plaintiff to stop filing appeals and then he might get to see a doctor. The Defendant knew about it and failed to rectify the problem, allowing Plaintiff to suffer in unnecessary pain.

On March 5, 2017, Defendants Ulit, Lopez, Wang, Gant, Brown, Ogbuehi and Sao were the legal proximate cause of damages to Plaintiff by their acts and omissions. Defendants Brown, Lopez, Wang, and Spaeth negligently caused injury and illness to worsen by denying Plaintiff treatment for his deep vein thrombosis ("DVT") and ulcers, delaying care. The Defendants failed to provide treatment to Plaintiff for his condition, and deliberately misdiagnosed Plaintiff's symptoms. As a result of this malpractice, Plaintiff suffered an injury and pain, and had they not delayed his medical care, his symptoms would not have gotten worse.

On or about April 29, 2017, Plaintiff filed a state claim pursuant to Government Code § 844.6(d) in connecting with being denied treatment for a DVT right leg and ulcers. Defendants Ulit, Lopez, Wang, Gant, Brown, Ogbuehi, and Sao were the legal and proximate cause of damages to Plaintiff by their acts or omissions. Defendants Brown, Lopez, Wang, and Spaeth negligently caused injury and illness to worsen on March 5, 2017, by their breach of legal duty that is the denial of

treatment for Plaintiff's DVT on his right leg and ulcers and delay of care. Defendants failed to provide treatment to Plaintiff for his condition. Defendants' deliberately misdiagnosed Plaintiff's sign and symptoms, and as a result of malpractice, he suffered an injury and pain. Had the Defendants not delayed medical care, Plaintiff's ailment would not have gotten worse.

Plaintiff asserts a claim for the violation of the Eighth Amendment for the failure to protect him from contracting cocci/Valley Fever and for the denial of medical care for his DVT and ulcers, and a claim for medical malpractice. Plaintiff seeks a declaration that the acts and omissions described violated his constitutional rights, a preliminary and permanent injunction ordering his transfer, compensatory and punitive damages, and any additional relief that the Court deems proper.

## V.

## DISCUSSION

### A.     Eighth Amendment – Medical Care

The Eighth Amendment protects against cruel and unusual punishment. U.S. Const. amend. VIII. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,' " and (2) "the prison official 'acted with deliberate indifference in doing so.' " Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).

Under the Eighth Amendment, "prion officials are . . . prohibited from being deliberately indifferent to policies and practices that expose inmates to a substantial risk of serious harm." Parsons v. Ryan, 754 F.3d 657, 677 (9th Cir. 2014); see also Hellings v. McKinney, 509 U.S. 25, 35 (1993); Farmer v. Brennan, 511 U.S. 825, 847 (1994) (prison official violates Eighth Amendment if he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable measures to avoid the harm).

///

"Deliberate indifference occurs when '[an] official acted or failed to act despite his knowledge of a substantial risk of serious harm.'" Solis v. Cnty. of Los Angeles, 514 F.3d 946, 957 (9th Cir. 2008). A prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993).

"The second step, showing 'deliberate indifference,' involves a two part inquiry." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). "First, the inmate must show that the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety." Id. (quoting Farmer, 511 U.S. at 837). "This part of [the] inquiry may be satisfied if the inmate shows that the risk posed by the deprivation was obvious." Id. (citation omitted). "Second, the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk." Id. (citing Farmer, 511 U.S. at 844) ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably.") (footnote omitted).

1. Valley Fever

Count I of Plaintiff's complaint asserts a violation of his Eighth Amendment rights due to the deliberate failure to protect him from contracting Valley Fever/cocci, against Defendants Ogbuehi, Ulit, Wang, Lopez, Gant, Sao, Brown, Usher, and Rimbach.

Allegations of mere exposure to and contraction of Valley Fever while housed at an endemic institution are not, by themselves, sufficient to state a constitutional claim under the Eighth Amendment. In order to form a basis for liability, the plaintiff must demonstrate that each defendant "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). With regard to a policy and/or custom, the plaintiff must demonstrate that the policy or custom was the moving force behind the violation. Furthermore, the plaintiff must demonstrate more than mere conclusory, speculative allegations. The plaintiff must set forth sufficient facts from which the requisite liability may be based.

Here, Plaintiff's allegations are conclusory and do not state facts showing that each Defendant he names was aware of a substantial risk of serious damage to his health, and then failed to take

reasonable measures to avoid harm to him. Plaintiff's general, vague allegations of "numerous studies and internal information" or of awareness of "a pattern of ongoing violations" do not show that each Defendant had the requisite knowledge to state a claim here. Nor do Plaintiff's general allegations that, as physicians, Defendants Ogbuehi, Ulit, Wang, and Spaeth had access to his medical records or knew that he eventually complained of flu-like symptoms, show that they knew of a specific risk to him and failed to take reasonable measures to prevent that risk. Plaintiff further alleges that Defendant Usher failed to transfer him, but does not allege facts showing why this failure to act demonstrates an unreasonable response to a known risk of serious harm to Plaintiff's health.

Plaintiff's allegations against Defendants Acting Warden Rimbach, Chief Medical Officer Lopez, and Chief Executive Officer Brown include the vague allegations discussed above coupled with general allegations that they failed to protect him from Valley Fever by transferring him. Plaintiff cannot state a claim based on supervisory status alone. Nor has Plaintiff alleges facts showing that Defendant Rimback was aware of Plaintiff's circumstances and any risk to him; his allegations are merely conclusory. "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citing Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012)) (internal quotation marks omitted); accord Lemire v. California Dep't of Corr. And Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012).

In sum, Plaintiff's reliance on generalities regarding studies or internal information related to Valley Fever, without any specific factual allegations to link them to an individual Defendant, are not sufficient to infer knowledge to that Defendant. Plaintiff's allegations that Defendants failed to protect him are nothing more than a unsupported, conclusory allegations. Even under the liberal standards applied to civil rights pro se actions, the Court may not supply essential elements of a claim which are not pled. Chapman v. Pier One Imports (U.S.), Inc., 631 F.3d 939, 955 (9th Cir. 2011). Thus, Plaintiff's conclusory allegations are not entitled to the presumption of truth, Iqbal, 556 U.S. at 681, and are insufficient to give rise to a plausible claim for relief. As a result, Plaintiff has failed to state a claim based on his contraction of Valley Fever here. He will be granted leave to amend.

### 2. Deep Vein Thrombosis and Ulcers

In Count II of Plaintiff's complaint, he claims that Defendants Gant, Ulit, Spaeth, Wang, Brown, Sao, Lopez, and Ogbuehi deliberately denied him treatment for his DVT in the right leg, and ulcers, in violation of his Eighth Amendment rights.

Plaintiff alleges that on or about February 2016, he complained to these Defendants about swelling, soreness, pain, and discomfort, and about his sick call slips being thrown out, and they all informed him that nothing was wrong with his leg, that he needed no treatment, and sent him back to his assigned cell. Plaintiff also alleges that he was misdiagnosed by the Defendants, and that his care was delayed.

Plaintiff's allegations are generalized and somewhat contradictory, as he alleges on the one hand that he was not provided care or an examination, and on the other hand that he was misdiagnosed and provided delayed care. Further, the complaint lumps together the Defendants as a group, making the Court unable to draw the connection between each Defendants' actions or omissions and the alleged denial of Plaintiff's constitutional rights. His allegations that he spoke to all of the Defendants about the same issue and received the same response at the same time are implausible as pleaded. Plaintiff must state sufficient facts to show that each Defendant had knowledge of a serious risk of harm to him, and was deliberately indifferent to that risk, under the standards explained above. Therefore, Plaintiff has not sufficiently alleged any claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment based on his DVT or ulcers.

**B. State Law**

In Count III of Plaintiff's complaint, he asserts negligence—specifically, medical malpractice—under California law by Defendants Ulit, Lopez, Wang, Gant, Brown, Ogbuehi, Sao, and Lopez for misdiagnosis and the failure to treat his DVT in the right leg, and ulcers. Plaintiff further asserts that he filed a claim in compliance with Government Code §844.6(d) in connection with this claim.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III,"

except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); Parra v. PacifiCare of Ariz., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Watison v. Carter, 668 F.3d 1108, 1117-18 (9th Cir. 2012) (even in the presence of cognizable federal claim, district court has discretion to decline supplemental jurisdiction over novel or complex issue of state law of whether criminal statutes give rise to civil liability).

At this time, because Plaintiff has not yet stated a cognizable federal claim, the Court declines to screen Plaintiff's asserted state law claim and declines to determine whether it should exercise supplemental jurisdiction over such a claim.

### C. Declaratory Judgment

As noted above, Plaintiff seeks a declaration that his rights were violated by defendants. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

In the event that this action reaches trial and the trier of fact returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that a defendant violated Plaintiff's rights is unnecessary

### D. Injunctive Relief – Housing Transfer

Plaintiff seeks "a preliminary and permanent injunction" ordering his transfer to another facility.

///

The pendency of this action does not give the Court jurisdiction over prison officials in general, over the conditions of Plaintiff's confinement, or over the CDCR facility where he is housed. Summers v. Earth Island Institute, 555 U.S. 488, 492-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. Summers, 555 U.S. at 492-93; Mayfield, 599 F.3d at 969. Thus, Plaintiff's request for injunctive relief in the form of a housing transfer is not within the Court's power to grant.

## VI.

## CONCLUSION

For the reasons discussed, Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. .. ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

///

///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, filed on August 22, 2017 (ECF No. 2), is granted;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **January 18, 2018**

UNITED STATES MAGISTRATE JUDGE