# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. OGBUEHI, et al.<br><br>　　　　Defendants. | Case No.: 1:17-cv-01128-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 13, 17, 18)<br><br>**THIRTY (30) DAY DEADLINE** |

## I.

## INTRODUCTION

Plaintiff Raymond Alford Bradford is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 18, 2018, the Court issued an order granting Plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), and screening his complaint. (ECF No. 9.) Plaintiff was found not to state any cognizable claim, but was granted leave to amend his complaint within thirty days. (Id. at 11.)

///

1

1 | Plaintiff filed a first amended complaint, on extension, on April 9, 2018. (ECF No. 13.) On August 28, 2018, the Court screened his complaint and found his first amended complaint states a cognizable claim against Defendants Usher, Rimbach, German, Ulit, Spaeth and Sao for violation of the Eighth Amendment based on Plaintiff's allegations related to Valley Fever. However, he did not state a cognizable claim related to lack of adequate medical care for his DVT. (Id. at 5.) Therefore, he was ordered to notify the Court whether he wished to proceed on the claim found to be cognizable, or to file a second amended complaint, within thirty days. (Id at 6.)

Currently before the Court is Plaintiff's objection to the Court's August 28, 2018 screening order, filed on September 19, 2018. (ECF No. 18.) In his objection, Plaintiff argues that he has sufficiently stated a cognizable claim against all named Defendants.

As Plaintiff has elected to stand upon his first amended complaint, the Court issues these findings and recommendations that certain claims and defendants be dismissed from this action for the failure to state a cognizable claim.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

///

2

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

Plaintiff is currently incarcerated at R.J. Donovan Correctional Facility, in San Diego, California. His allegations concern events while he was incarcerated at Kern Valley State Prison ("KVSP"), in Delano, California. Plaintiff names the following defendants: (1) I. Usher, a Correctional Counselor at KVSP; (2) S. Rimbach, the Acting Warden at KVSP; (3) K. Brown, the Chief Executive Officer at KVSP; (4) S. Lopez, the Chief Medical Officer at KVSP; (5) M. Spaeth, a physician at KVSP; (6) J. Wong, a physician at KVSP; (7) J. Sao, a physician at KVSP; (8) L. Gant, an LVN-RN at KVSP; (9) J. German, a RN at KVSP; (10) W. Ulit, a physician at KVSP; and (11) C. Ogbuehi, a physician at KVSP. Plaintiff sues these defendants in their individual and official capacities.

Plaintiff alleges that he was classified as a high-risk inmate, and was exposed to cocci/Valley Fever. Plaintiff was later diagnosed with Valley Fever and pneumonia in his lungs. Separately, Plaintiff alleges that his sick call slip requesting treatment for his Deep Vein Thrombosis ("DVT") was not processed. Plaintiff brings a claim under the Eighth Amendment.

## IV.

## DISCUSSION

**A.  Official Capacity Claims**

As noted above, Plaintiff seeks to sue all defendants in their official and individual capacities. He seeks compensatory and punitive damages, and no prospective relief. The Eleventh Amendment

bars federal suits for violations of federal law against state officials sued in their official capacities for damages and other retroactive relief. Quern v. Jordan, 440 U.S. 332, 337 (1979); Peralta v. Dillard, 744 F.3d 1076, 1084 (9th Cir. 2014) (en banc); Pena v. Gardener, 976 F.2d 469, 472 (9th Cir. 1992).

**B.     Eighth Amendment – Medical Care**

The Eighth Amendment protects against cruel and unusual punishment. U.S. Const. amend. VIII. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Under the Eighth Amendment, "prison officials are . . . prohibited from being deliberately indifferent to policies and practices that expose inmates to a substantial risk of serious harm." Parsons v. Ryan, 754 F.3d 657, 677 (9th Cir. 2014); see also Hellings v. McKinney, 509 U.S. 25, 35 (1993); Farmer v. Brennan, 511 U.S. 825, 847 (1994) (prison official violates Eighth Amendment if he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable measures to avoid the harm).

1.    Valley Fever

Plaintiff first alleges that Defendants Usher, Rimbach, Brown, Ulit, German, Lopez, Spaeth, Sao, Wong, and Ogbuehi were deliberately indifferent with respect to Plaintiff's exposure to Valley Fever. Where an inmate is challenging the conditions of confinement, he must show there was a deprivation "sufficiently serious" to form the basis of a violation and "the prison official acted "with a sufficiently culpable state of mind." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731.

Plaintiff alleges that an auditor, M. Escobar, issued a CDCR-128-C3 medical classification chrono, dated October 2, 2014, indicating that Plaintiff is a high medical risk with specialized outpatient ("SOP") and Cocci Area 2 ineligible. Defendant Usher and Defendant Rimbach had access to Plaintiff's C-file with this information, and possessed the information pertaining to the Cocci Area 2 ineligibility. Knowing this, they nevertheless subjected Plaintiff to Cocci exposure in his housing conditions. On or about September 6, 2015, Plaintiff complained to Defendant German, an RN, about

4

his flu-like symptoms, chest pains, and severe weight loss, but was not given any treatment. Defendant German also failed to process Plaintiff's sick call slips to see the doctor. Defendants Ulit, Spaeth and Sao also denied Plaintiff's emergency medical appeals and 602 appeals requesting treatment for severe weight loss, chest pain, and for preventative measures to prevent Valley Fever. It was not until after submitting several additional sick call slips that Plaintiff was finally taken to a hospital on November 16, 2015, and was diagnosed with Valley Fever and pneumonia in his lungs.

At the pleading stage, the Court finds that Plaintiff's amended complaint is sufficient to state cognizable claim against Defendants Usher, Rimbach, German, Ulit, Spaeth and Sao for violation of the Eighth Amendment based on Plaintiff's allegations. He has demonstrated facts showing their knowledge of serious risks to his health and the failure to act.

However, Plaintiff has not stated any claim against Defendants Brown, Lopez, Wong, or Ogbuehi. Although Plaintiff alleges that Defendant Brown knew of his Cocci Area 2 ineligibility when he denied Plaintiff's emergency medical appeal seeking to prevent the contraction of Valley Fever, he does not allege facts showing how Defendant Brown knew of his condition. Plaintiff also does not explain how Defendants Lopez, Wong, and Ogbuehi knew about Plaintiff's condition or how they failed to protect him. Conclusory allegations without facts in support are insufficient. In order to form a basis for liability, the plaintiff must demonstrate that each defendant "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

2. Deep Vein Thrombosis and Ulcers

Plaintiff also alleges that from February 2016 to March 2017, he was suffering from swelling, soreness, and pain from DVT. Defendant Gant knew about Plaintiff's condition, but failed obtain him treatment.

It is not clear that Plaintiff's claim against Defendant Gant is properly related to his other allegations in this case. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and

occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349.

Here, Plaintiff's other claims all involve his exposure to and contraction of Valley Fever, and the resulting lack of treatment for his symptoms from that illness before he was diagnosed. This claim regarding his DVT does not appear to involve the same facts or circumstances. The mere fact that Plaintiff has multiple medical issues does not mean that all claims regarding his medical issues involving different Defendants are sufficiently related to bring in a single action. This claim appears to belong in a separate action.

Also, Plaintiff has not sufficiently stated facts to state a claim against Defendant Gant. Assuming that his swelling, soreness, and pain from DVT presented a serious medical need, Plaintiff does not allege facts showing how Defendant Gant knew of his condition.

### C. Retaliation

Plaintiff alleges that Defendant Ulit also denied and delayed treatment to inflict pain and/or punish Plaintiff for filing 602 appeals. Such a conclusory sentence is insufficient to state any claim for retaliation in violation of the First Amendment. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff has not pleaded facts to support these elements.

### D. Declaratory Judgment

Plaintiff seeks a declaration that his rights were violated. As Plaintiff has been previously informed, if this action reaches trial and a trier of fact returns a verdict in his favor, that will be a finding that his constitutional rights were violated. No declaratory judgment is necessary here. See Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948) (equitable relief should only be granted as a matter of judicial discretion and in the public interest); United States v. Washington,

759 F.2d 1353, 1357 (9th Cir. 1985) (declaratory relief should be denied when it will serve no useful purpose).

## V.

## SANCTIONABLE CONDUCT

As discussed above, Plaintiff filed an objection to the Court's screening order. (ECF No. 18.) In that order, Plaintiff used inappropriate language, referring to the Court as a "bonehead." (Id. at 1.)

Inappropriate language and harassing conduct will not be tolerated, and is sanctionable. The Court has had issues with Plaintiff making similar comments in other actions. See Raymond Alford Bradford v. E. Kvichko, Case No. 1:16-cv-01077-LJO-SAB (PC) (E.D. Cal.). This will be Plaintiff's only warning that he must conduct himself respectfully and with decorum, or his action will be dismissed.

## VI.

## CONCLUSION

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a Fresno District Judge to this action.

Further, for the reasons discussed above, IT IS HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's claim against Defendants Usher, Rimbach, German, Ulit, Spaeth and Sao for violation of the Eighth Amendment, in their individual capacities; and

2. All other claims and defendants be dismissed for failure to state a claim upon which relief could be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. §636 (b)(1)(B). Within **thirty (30) days** after being served with these Finding and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations."

///
///
///
///

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 21, 2018**

UNITED STATES MAGISTRATE JUDGE