| | |
|---|---|
| | |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>  Plaintiff,<br><br>  v.<br><br>C. OGBUEHI, et al.<br><br>  Defendants. | Case No.: 1:17-cv-01128-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS, AND TO DIRECT PLAINTIFF TO PAY FILING FEE FOR THIS ACTION<br><br>**THIRTY-DAY DEADLINE** |

## I.

## INTRODUCTION

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 18, 2018, the Court granted Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), and screened his complaint. (ECF No. 9.) Plaintiff was found not to state any cognizable claim, but was granted leave to amend his complaint within thirty days. (*Id*. at 11.) Plaintiff filed a first amended complaint on April 9, 2018, alleging exposure to Valley Fever, inadequate medical care, and an episode of Deep Vein Thrombosis (DVT) that was not adequately treated. (Doc. No. 13.)

On September 21, 2018, following screening of Plaintiff's first amended complaint, the Court issued findings and recommendations recommending that this action proceed only against Defendants Usher, Rimbach, German, Ulit, Spaeth, and Sao, in their individual capacities, for violation of the

1

Eighth Amendment, and that all other claims and defendants be dismissed. (Doc. No. 19.) Plaintiff was permitted thirty days to file objections. (Id. at 7-8.) Plaintiff timely filed objections on October 18, 2018. (Doc. No. 20.)

On December 4, 2018, the findings and recommendations were adopted in full. (Doc. No. 21.) This matter now proceeds on Plaintiff's first amended complaint against Defendants Usher, Rimbach, German, Ulit, Spaeth, and Sao for violation of the Eighth Amendment, based on Plaintiff's allegations related to Valley Fever. (Id. at 3.) All other claims and defendants were dismissed, and this matter was referred back to the undersigned for further proceedings. (Id.)

## II.

## DISCUSSION

Given the status of this case, the Court finds it necessary to review the grant of *in forma pauperis* status to Plaintiff in this case under 28 U.S.C. § 1915(g). Earlier in this action, the undersigned found that Plaintiff is subject to Section 1915(g) of the Prison Litigation Reform Act of 1995 (PLRA), because on three or more occasions he has filed actions that have been dismissed as frivolous, malicious, or for the failure to state a claim upon which relief may be granted.[1]

A prisoner subject to Section 1915(g) cannot bring another action *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To meet that exception, a plaintiff to show that he is under an ongoing, imminent danger. Andrews v. Cervantes, 493 F.3d 1047, 1056–57 (9th Cir. 2007). "[Q]ualifying prisoners can file their entire complaint IFP; the exception does not operate on a claim-by-claim basis or apply to only certain types of relief." Id. at 1052. However, "the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Id. at 1055.

Here, in Plaintiff's original complaint, he appeared to plead allegations that he was suffering from DVT and ulcers up until the time that this action was filed, and that he was then-facing a lack of

---

[1] The Court takes judicial notice of the following cases: *Bradford v. White, et al.*, No. 2:98-cv-00180-FCD-JFM-PC (dismissed June 3, 1999 as frivolous); *Bradford v. Terhune, et al.*, No. 1:04-cv-05496-AWI-DLB-PC (dismissed Oct. 21, 2004 for the failure to state a claim); *Bradford v. Grannis*, No. 2:05-cv-00862-FCD-DAD-PC (dismissed Sept. 30, 2007 as frivolous and for the failure to state a claim); and *Bradford v. Terhune, et al.*, No. 1:04-cv-05261-LJO-SMS-PC (dismissed May 12, 2008 for the failure to state a claim).

treatment that posed a serious risk to his health. (ECF No. 9, at 2-3.) This appeared likely sufficient to meet the imminent danger exception, but Plaintiff did not state a cognizable claim. As noted above, Plaintiff was granted leave to amend to attempt to state a claim. He has failed to do so, and those allegations were dismissed from this action. (ECF No. 21, at 2-3.)

Plaintiff's now-operative first amended complaint added some clarification to his allegations, and as noted above, this action only proceeds on those allegations related to Valley Fever. Specifically, this case concerns Plaintiff's allegations that he was identified as a high medical risk with specialized outpatient ("SOP") and Cocci Area 2 ineligible. Nevertheless, Defendant Usher and Defendant Rimbach knowingly subjected Plaintiff to Cocci exposure in his housing conditions. On or about September 6, 2015, Plaintiff complained to Defendant German, an RN, about his flu-like symptoms, chest pains, and severe weight loss, but was not given any treatment. Defendant German also failed to process Plaintiff's sick call slips to see the doctor. Defendants Ulit, Spaeth and Sao also denied Plaintiff's emergency medical appeals and 602 appeals requesting treatment for severe weight loss, chest pain, and for preventative measures to prevent Valley Fever. It was not until after submitting several additional sick call slips that Plaintiff was finally taken to a hospital on November 16, 2015, and was diagnosed with Valley Fever and pneumonia in his lungs. Plaintiff has since been transferred away from Kern Valley State Prison, where the events at issue occurred. (See ECF Nos. 6, 16.) He is now housed at California State Prison, Los Angeles County.

Thus, this case concerns past events that occurred much before Plaintiff filed this action on August 22, 2017, and before he filed his current first amended complaint on April 9, 2018. It is not plausible from these allegations to determine that Plaintiff faced an imminent danger of serious physical injury at the times that he filed this action or filed his operative pleading.

Accordingly, the imminent danger exception to § 1915(g)'s three-strikes provision does not apply here. See Andrews, 493 F.3d at 1055; see also Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (finding failure to protect allegations against prison officials who put an inmate convicted of sexual battery in general population failed to meet imminent danger standard because the threat had ceased prior to filing the complaint); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner faced imminent danger in the past are insufficient to trigger this

3

exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan."); Winfield v. Schwarzenegger, No. 2:09-cv-0636-KJN-P, 2010 WL 3397397, at *2 (E.D. Cal. Aug.27, 2010) ("At the time of filing the operative . . . complaint, plaintiff was incarcerated at [CSP-Sacramento]; thus, he is not facing imminent danger of serious physical injury based on allegations against defendant . . . at San Quentin State Prison."). Therefore, the Court recommends that Plaintiff's *in forma pauperis* status be revoked, and that he be required to pay the filing fee to proceed in this action.

### III.
### RECOMMENDATION

For the reasons explained above, it is HEREBY RECOMMENDED that Plaintiff's *in forma pauperis* status be revoked, and that he be required to pay the filing fee to proceed in this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. §636 (b)(1)(B). Within **thirty (30) days** after being served with these Finding and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**December 5, 2018**__

UNITED STATES MAGISTRATE JUDGE