**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. OGBUEHI, et al.<br><br>　　　　Defendants. | Case No.: 1:17-cv-01128-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING THAT PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF BE DENIED<br><br>[ECF No. 24] |

Plaintiff Raymond Alford Bradford is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a preliminary injunction and temporary restraining order, filed December 26, 2018.

**I.**

**DISCUSSION**

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

///

1

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

In his present motion, Plaintiff contends that guards have attacked him on May 17, 2018, August 8, 2018 and October 6, 2018, which resulted in several serious injuries. Plaintiff also contends that he has been denied medication and access to photocopy services, law library and legal property.

This action is proceeding on Plaintiff's claim against defendants Usher, Rimbach, German, Ulit, Spaeth, and Sao for violation of the Eighth Amendment, based on Plaintiff's allegations related to Valley Fever while housed at Kern Valley State Prison. (ECF No. 21.) The pendency of this case does not provide Plaintiff with standing to seek relief directed at remedying his current conditions of confinement, which are occurring at a different prison and which involve different prison employees. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009) (citation omitted); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff is not entitled to any relief that is not narrowly drawn to correct the violation of his rights at issue in this action. The constitutional and statutory requirements applicable to equitable relief preclude Plaintiff from entitlement to generalized relief such an order directing that prison officials allow Plaintiff to receive his legal property. The equitable relief requested herein is not sufficiently

related to Plaintiff's underlying legal claims to satisfy the jurisdictional requirements that apply to federal courts. Additionally, in the Court's experience, some disruption with property access occurs following a transfer between prisons, and absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-83 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons). Moreover, Plaintiff may not seek injunctive relief against an individual who is not a party to the instant action. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Here, the Court does not have jurisdiction over any parties at the California State Prison, Los Angeles County or the R.J. Donovan Correctional Facility. Moreover, even if the Court did not have jurisdiction over those individuals, Plaintiff has failed to establish the imminent irreparable harm required to support a preliminary injunction. Plaintiff alleges only violations of the law in the past, and he has failed to establish that there is a threat of future or repeated injury that is both "real and immediate," not just "conjectural" or "hypothetical." City of Los Angeles v. Lyons, 461 U.S. at 102.

Furthermore, and of significant note, on December 5, 2018, the undersigned issued Findings and Recommendations recommending that Plaintiff's *in forma pauperis* status be revoked, and that he be required to pay the filing fee to proceed in this action. (ECF No. 22.) The undersigned found that this case proceeds upon allegations concerning Plaintiff's exposure to Valley Fever cocci, and his eventual diagnosis with the disease on November 16, 2016. As this case and the most recent operative pleading (the first amended complaint) was filed well after that time, the undersigned found that Plaintiff had not pleaded that he faced an imminent danger of serious physical injury at the time he filed his operative pleading. Therefore, it was recommended to revoke Plaintiff's *in forma pauperis* status. Plaintiff filed objections to the Finding and Recommendations on December 26, 2018, and the District Judge has not yet issued an order. (ECF No. 23.)

///

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff is not entitled to a preliminary injunction and/or temporary restraining order.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 4, 2019**

UNITED STATES MAGISTRATE JUDGE