UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>USHER, et al.,<br><br>Defendants. | No. 1:17-cv-01128-DAD-SAB<br><br>ORDER ADOPTING AND DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF<br><br>(Doc. Nos. 22, 24, 25) |

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 18, 2018, the assigned magistrate judge granted plaintiff's application to proceed *in forma pauperis* in this case, and screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A. (Doc. No. 9.) The magistrate judge found that plaintiff is subject to 28 U.S.C. § 1915(g) because on three or more occasions he has filed actions that have been dismissed as frivolous, malicious, or for the failure to state a claim. Therefore, the magistrate judge concluded that plaintiff could not bring an action *in forma pauperis* unless he was under imminent danger of

/////

1

serious physical injury at the time his complaint was filed. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1056–57 (9th Cir. 2007).

The magistrate judge further found that plaintiff raised two claims: one concerning alleged exposure to and contraction of Valley Fever, and one concerning a lack of adequate medical care for his deep vein thrombosis ("DVT") condition. The allegations related to the DVT condition were found by the magistrate judge to be sufficient to show an imminent danger of serious physical injury, and therefore *in forma pauperis* status was granted under the exception to the normal bar of § 1915(g) for those who on three or more occasions have filed actions that have been dismissed as frivolous, malicious, or for the failure to state a claim. *See Andrews*, 493 F.3d at 1052–54 (qualifying prisoners can file their entire complaint in forma pauperis but must show that an imminent danger existed at the time of filing). On screening, however, the allegations of plaintiff's complaint were found to be insufficient to state a cognizable claim and leave to amend was granted. Plaintiff filed his first amended complaint on April 9, 2018. (Doc. No. 13.)

Following additional screening and issuance of findings and recommendations, on December 4, 2018, the court ordered that this case would proceed only on plaintiff's claim against defendants Usher, Rimbach, German, Ulit, Spaeth, and Sao for violation of the Eighth Amendment in connection with plaintiff's alleged exposure to and contraction of Valley Fever. (Doc. No. 21.) The matter was then referred back to the assigned magistrate judge for further proceedings.

On December 5, 2018, the magistrate judge issued findings and recommendations, recommending that plaintiff's *in forma pauperis* status be revoked and that he be required to pay the filing fee to proceed in this action. (Doc. No. 22.) In sum, the magistrate judge found that this case now proceeds only upon plaintiff's allegations concerning exposure to Valley Fever cocci, and his eventual diagnosis as suffering from that disease on November 16, 2016. Because this action, as well as plaintiff's operative first amended complaint, were filed well after November 2016, the magistrate judge concluded that plaintiff had not pleaded that he faced an imminent danger of serious physical injury at the time he filed his operative pleading. Therefore, the magistrate judge recommended revocation of plaintiff's *in forma pauperis* status. The findings

and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within thirty days after service. (*Id.* at 4.) Plaintiff timely filed objections on December 26, 2018. (Doc. No. 23.)

On the same day that plaintiff filed objections to those findings and recommendations, plaintiff also filed what was styled by him as a "motion for an extraordinary preliminary injunction (PI) under imminent danger of serious physical injury, emergency temporary restraining order (TRO)". (Doc. No. 24.) On February 5, 2019, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's motion be denied. (Doc. No. 25.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 4.) Plaintiff filed objections on March 14, 2019. (Doc. No. 28.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court declines to adopt the December 5, 2018 findings and recommendations. The findings and recommendations issued on February 5, 2019 are supported by the record and proper analysis, and are therefore adopted in full.

With respect to the December 5, 2018 findings and recommendations, plaintiff objects and argues that he remains under imminent danger, because of which he should be allowed to proceed *in forma pauperis*. The court first notes that this action does not now proceed on any allegations relating to conditions of confinement or events allegedly occurring at plaintiff's current institution of confinement. Rather the sole remaining claim in this case involves events that allegedly occurred in the past at plaintiff's previous institution of confinement. Moreover, there is no allegation in the operative complaint now before the court that plaintiff is in imminent danger of any kind.

The exception to § 1915(g) permitting a prisoner to proceed *in forma pauperis* despite having three or more strikes against him "applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."
/////

*Andrews,* 493 F.3d at 1055. In so holding, the Ninth Circuit relied upon the following analysis of the applicable statute:

> The PLRA provides that a prisoner with three strikes cannot use IFP status to "bring a civil action . . . unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (emphases added). The exception's use of the present tense, combined with its concern only with the initial act of "bring[ing]" the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint. *See United States v. Jackson*, 480 F.3d 1014, 1018–19 (9th Cir. 2007) (noting the use of tenses in statutes generally is significant and "one would not refer in the present tense to something that had already happened" (citing The Dictionary Act, 1 U.S.C. § 1)). In other words, the availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. Andrews's removal from the California prison system after filing the complaint is therefore irrelevant to our § 1915(g) analysis.

*Id.* at 1052–53. The Ninth Circuit also noted that § 1915(g) indicates that "we should not make an overly detailed inquiry into whether the allegations qualify for the exception" and emphasized that the exception should be applied in a manner that makes "practical sense." *Id.* at 1054–55.

Nonetheless, there has developed some disagreement among district courts with respect to at what point in time "imminent danger" should be measured in cases, such as this one, where amended complaints are involved. The undersigned, along with many other district judges in the Ninth Circuit, has previously concluded that imminent danger is to be measured as of the time the operative complaint is filed, rather than at the time the action was initially commenced. *See Ramey v. Franco*, No. 2:16-cv-02107-JAM-CKD, 2018 WL 784294, at *6 (E.D. Cal. Feb. 8, 2018); *Diaz v. Sherman*, No. 1:13-cv-01627-DAD-MJS, 2016 WL 8673044, at *2 (E.D. Cal. Aug. 5, 2016); *Winfield v. Schwarzenegger*, No. 2:09-cv-00636-JAM-KJN, 2010 WL 3397397, at *1 (E.D. Cal. Aug. 27, 2010), *report and recommendation adopted*, 2011 WL 302862 (E.D. Cal. Jan. 25, 2011). Others have concluded that imminent danger is to be examined only at the time the action is commenced—that is, upon the filing of the original complaint—and that imminent danger need not be demonstrated each time a plaintiff files an amended complaint. *See Ellington v. Alameida*, No. 2:04-cv-00666-RSL, 2010 WL 2650632, at *6 (E.D. Cal. July 1, 2010) ("[T]his Court properly considered whether plaintiff was under imminent danger of serious physical injury at the time he brought this action."), *report and recommendation adopted*, No. 2:04-cv-00666-

4

RSL-JLW, 2010 WL 11526778 (E.D. Cal. Aug. 26, 2010), *and aff'd sub nom. on other grounds*, *Ellington v. Runnels*, 479 Fed. App'x 762 (9th Cir. 2012); *Andrews v. Cervantes*, No. Civ. S-03-1218 WBS EFB P, 2008 WL 1970345, *1 (E.D. Cal. May 5, 2008) ("The court acknowledges that this is an amended complaint filed after plaintiff was removed from the California Department of Corrections and Rehabilitations. However . . . § 1915(g) addresses the time a prisoner brings an action. Accordingly, despite the passage of time and plaintiff's transfer away from the California prison system, the court finds that at the time he brought this action, he was in 'imminent danger of serious physical harm.'").

Although the undersigned previously held in *Diaz* that imminent danger should be measured at the time of the filing of the operative complaint, upon further reflection, the court now concludes that ruling was in error. In reaching this conclusion, the court begins with the text of 28 U.S.C. § 1915(g). That language is instructive: it states that "[i]n no event shall a prisoner *bring a civil action* or appeal a judgment in a civil action under this proceeding" if the prisoner has three or more strikes against him, unless he can demonstrate imminent danger. 28 U.S.C. § 1915(g) (emphasis added). The bringing of an action is not synonymous with the filing of a complaint. In common legal parlance, the term "action" refers not merely to the operative pleadings, but instead encompasses "all the formal proceedings in a court of justice attendant upon the demand of a right made by one person of another in such court, including an adjudication upon the right and its enforcement or denial by the court." Black's Law Dictionary 28 (6th ed. 1990); *see also* U.C.C. § 1–201(b)(1) ("'Action', in the sense of a judicial proceeding, includes recoupment, counterclaim, set-off, suit in equity, and any other proceeding in which rights are determined."). Complaints, by contrast, are merely one form of pleading that may be filed within an action, and multiple amended complaints may be filed within a single action at the discretion of the court. *See* Fed. R. Civ. P. 7(a)(1), 15. Thus, § 1915(g) by its terms requires a showing of imminent danger upon the commencement of an action, not the filing of a complaint.

Other provisions within § 1915 reflect this distinction. The text of that statute refers both to "complaints" and "actions" in various portions of the text, and this court must ascribe different meanings to those words if possible under a fair reading of the statute. *See Lindsey v. Tacoma-*

*Pierce Cty. Health Dep't*, 195 F.3d 1065, 1074 (9th Cir. 1999) (calling it a "basic principle of statutory construction that different words in the same statute must be given different meanings"). Had Congress sought to require a plaintiff to demonstrate imminent danger each time an amended complaint was filed, they could easily have used language to that effect. As currently drafted, however, § 1915(g) provides that imminent danger is to be measured only twice: once at the commencement of an action with the district court, and again upon the filing of a notice of appeal. Because imminent danger is tied to the action rather than the operative complaint, the court finds that a plaintiff is under no obligation to demonstrate that he is in imminent danger each time he seeks to amend. Reading such a requirement into the statute would be contrary to its text.

Further supporting this reading of the statute is Ninth Circuit caselaw holding that under the plain language of § 1915(g), a prisoner must make the imminent danger showing at "two different times": the bringing of an action and the appeal of a judgment. *Williams v. Paramo*, 775 F.3d 1182, 1188 (9th Cir. 2015). This language strongly suggests that for as long as an action proceeds at the district court level, a plaintiff seeking to proceed *in forma pauperis* by demonstrating imminent danger need only make the requisite showing once, after which he must make it again should the case proceed on appeal.

Bolstering this reading is the underlying purpose of the PLRA, which was "designed to bring [prisoner] litigation under control." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *see also Williams*, 775 F.3d at 1190 (noting that an "overly detailed" inquiry into to whether a prisoner is in imminent danger would only have the effect of "spawning additional litigation and creating mini-trials over whether a prisoner has shown an imminent danger"). In this court's experience, because prisoners almost always proceed without counsel, they often must file amended complaints before satisfying the various pleading requirements incumbent upon them as litigants in federal court. Requiring judges to resolve issues of whether the imminent danger exception has been established as applicable at each iteration of the complaint would serve only to expend limited judicial resources, directly contrary to the PLRA's intent.

The undersigned notes that this point of law remains unsettled, and that courts across the country appear to have at least arguably reached somewhat different conclusions on the issue.

*Compare, e.g.*, *Jonassen v. United States*, 671 Fed. App'x 668, 668 (9th Cir. 2016) ("The district court revoked Jonassen's in forma pauperis status without considering Jonassen's proposed Third Amended Complaint ("TAC"), which made plausible allegations that Jonassen was 'under imminent danger of serious physical injury' at the time he lodged the TAC.")[1]; *Burke v. St. Louis City Jails*, 603 Fed. App'x 525, 525–26 (8th Cir. 2015)[2] ("[T]he District Court should have considered whether Burke met the imminent-danger exception when he filed his amended complaint, not when he filed his original complaint."), *with, e.g.*, *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (considering both an initial and amended complaint and holding that "we do not conclude that the facts alleged support a finding that he was in imminent danger at the time he filed his initial complaint"); *Stewart v. King*, No. 3:09-CV-21, 2010 WL 1628992, at *4 (M.D. Tenn. Apr. 20, 2010) (finding that "the relevant inquiry is whether the alleged danger existed when the plaintiff filed his or her *initial* complaint") (emphasis added).

Given the divergent views of district courts within this circuit, this question would appear to be one that the Ninth Circuit may choose to address in the appropriate case. However, in the absence of any binding authority to the contrary, the undersigned will adhere to the view that imminent danger for purposes of § 1915(g) is to be measured at the time of the commencement of the action and that a determination that the imminent danger exception has been satisfied need not be subsequently reexamined until and unless an appeal is filed.

Because the magistrate judge previously found that plaintiff had made a showing of imminent danger (Doc. No. 9 at 3), plaintiff need not make that showing a second time in the district court. Having now revisited this issue, the court declines to adopt the recommendation that plaintiff be required to make such a showing again.

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b). The undersigned would also note that the unpublished decision in *Jonassen* is not necessarily inconsistent with the notion that a prisoner who adequately alleges an imminent danger at the commencement of an action should have his *in forma pauperis* status revoked if that imminent danger no longer exists at the time an amended complaint is filed in that action.

[2] Citation to this unpublished Eighth Circuit opinion is appropriate pursuant to Federal Rule of Appellate Procedure 32.1(a).

With respect to the February 5, 2019 findings and recommendations, plaintiff argues that the assigned magistrate judge has demonstrated that he is insensitive to plaintiff's life, health care, safety, security, and special programming needs and, since the magistrate judge has repeatedly denied plaintiff's requests for court intervention regarding the prison guards holding plaintiff's legal property hostage, it is clear that the magistrate judge does not like plaintiff and it is impossible for the magistrate judge to render an impartial or fair ruling in this case. (Doc. No. 28.) Further, plaintiff asserts that his objections should be sustained in the interest of justice because he has been transferred by prison officials three times within the last 45 days. (*Id.*)

The court finds plaintiff's objections to the February 5, 2019 findings and recommendations to be unpersuasive. Initially, the fact that the magistrate judge has denied plaintiff's requests for court intervention does not establish that the assigned magistrate judge is not impartial. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (stating that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). Plaintiff has failed to make any showing in support of the notion that the assigned magistrate judge harbors a "deep-seated and unequivocal antagonism [towards plaintiff] that would render fair judgment impossible." *Id.* at 556. Finally, the fact that plaintiff has allegedly been transferred by prison officials three times within a 45 day period does not establish that he is entitled to a preliminary injunction and/or a temporary restraining order.

For these reasons,

1. The court declines to adopt the findings and recommendations issued on December 5, 2018 (Doc. No. 22);
2. Plaintiff is permitted to continue litigating this action *in forma pauperis*;
3. The findings and recommendations issued on February 5, 2019 (Doc. No. 25) are adopted in full;
4. Plaintiff's motion for an extraordinary preliminary injunction under imminent danger of serious physical injury and an emergency temporary restraining order (Doc. No. 24) is denied; and

/////

5. This matter is referred to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **September 12, 2019**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE