UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, <br><br> Plaintiff, <br><br> v. <br><br> C. OGBUEHI, *et al.*, <br><br> Defendants. | Case No. 1:17-cv-01128-SAB (PC) <br><br> ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S EIGHT MOTIONS FOR SUMMARY JUDGMENT AS PREMATURE <br><br> (ECF Nos. 44, 45, 49, 50, 51, 52, 53, 54) |

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff and Defendants Usher, Rimbach, German, Ulit, Spaeth, and Sao have all consented to the jurisdiction of the United States Magistrate Judge. (ECF Nos. 8, 34.)

This action currently proceeds on Plaintiff's claim against Defendants Usher, Rimbach, German, Ulit, Spaeth, and Sao, in their individual capacities, for violation of the Eighth Amendment based on Plaintiff's allegations related to Valley Fever. (ECF No. 21.)

On December 23, 2019, Defendants filed a motion to dismiss Plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Defendants are entitled to qualified immunity. (ECF No. 36.) On January 2, 2020, Plaintiff filed a "motion to amend civil complaint to add a violation of Fed. R. Civ. P. 9(b)." (ECF No. 38.) Then, on January 27, 2020, Plaintiff filed a motion to file a second amended complaint under Rule 9(b). (ECF No. 56.)

1

Currently before the Court are Plaintiff's eight motions for summary judgment, filed on January 21, 2020 and January 27, 2020. (ECF Nos. 44, 45, 49, 50, 51, 52, 53, 54.)

On January 28, 2020, Defendants filed an opposition to Plaintiff's motions for summary judgment. (ECF No. 57.) Plaintiff has not filed a reply, and his time to do so has expired. Therefore, Plaintiff's eight motions for summary judgment have been submitted for decision. Local Rule 230(l).

"Although [Federal Rule of Civil Procedure 56] allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." Fed. R. Civ. P. 56, Advisory Committee's Notes (2010 Amendments, Note to Subdivision (b)). Indeed, many courts have denied pre-answer and pre-discovery motions for summary judgment as premature despite technical compliance with the timing provisions of Rule 56. See Williams v. Yuan Chen, No. S-10-1292 CKD P, 2011 WL 4354533, at * 3 (E.D. Cal. Sept. 16, 2011) (denying plaintiff's summary judgment motion as premature where defendant had not yet filed an answer and the court had not issued a discovery order); Moore v. Hubbard, No. CIV-S-06-2187 FCD EFB P, 2009 WL 688897, at *1 (E.D. Cal. Mar. 13, 2009) (recommending that plaintiff's motion for summary judgment be denied as premature where "discovery has not yet begun, defendants have not yet filed an answer and the court has yet to issue a discovery and scheduling order").

Here, although Plaintiff's eight motions for summary judgment technically meet the timing requirements of Federal Rule of Civil Procedure 56(b), Plaintiff's summary judgment motions are premature. As it stands, given that Plaintiff's two motions for leave to file a second amended complaint are still pending, the pleadings in this case are not yet set. Further, no defendant has filed an answer, the Court has not yet issued a discovery and scheduling order, and discovery has not yet begun.

///

///

///

Accordingly, Plaintiff's eight motions for summary judgment, (ECF Nos. 44, 45, 49, 50, 51, 52, 53, 54), are HEREBY DENIED, without prejudice to re-filing at the appropriate stage of this litigation.

IT IS SO ORDERED.

Dated: __**February 20, 2020**__

UNITED STATES MAGISTRATE JUDGE