# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, <br><br> Plaintiff, <br><br> v. <br><br> C. OGBUEHI, *et al.*, <br><br> Defendants. | Case No. 1:17-cv-01128-SAB (PC) <br><br> ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTIONS FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT <br><br> (ECF Nos. 38, 56) <br><br> **THIRTY (30) DAY DEADLINE** |

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff and Defendants Usher, Rimbach, German, Ulit, Spaeth, and Sao have all consented to the jurisdiction of the United States Magistrate Judge. (ECF Nos. 8, 34.)

This action currently proceeds on Plaintiff's claim against Defendants Usher, Rimbach, German, Ulit, Spaeth, and Sao, in their individual capacities, for violation of the Eighth Amendment based on Plaintiff's allegations related to Valley Fever. (ECF No. 21.)

On December 23, 2019, Defendants filed a motion to dismiss Plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Defendants are entitled to qualified immunity. (ECF No. 36.)

On January 2, 2020, Plaintiff filed a "motion to amend civil complaint to add a violation of Fed. R. Civ. P. 9(b)," which the Court construes as a motion for leave to file a second amended

1

complaint. (ECF No. 38.) On January 15, 2020, Defendants filed an opposition to Plaintiff's motion for leave to file a second amended complaint. (ECF No. 43.) Plaintiff has not filed a reply, and the time in which to do so has expired.

On January 27, 2020, Plaintiff filed a "motion to file a second amended complaint under Rule 9(b)[.]" (ECF No. 56.) The Court construes this motion as a second motion for leave to file a second amended complaint. Defendants have not filed an opposition, and the time in which to do so has expired.

Therefore, Plaintiff's two motions for leave to file a second amended complaint have been submitted for decision. Local Rule 230(l).

However, "[a] court cannot evaluate the propriety of a motion to amend a pleading when the moving papers do not describe the proposed amendments [in detail] or attach the proposed amended pleading." Lanier v. Fresno Unified School Dist., No. 1:09-cv-01779-AWI-BAM, 2013 WL 3892953, at *1 (E.D. Cal. July 26, 2013); see Gardner v. Martino, 563 F.3d 981, 991 (9th Cir. 2009) (stating that district court did not abuse its discretion in denying request for leave to file an amended complaint where plaintiffs did not include a copy of the proposed amended complaint with their request to amend and the request failed to explain how the amendment would cure the deficiencies with the prior complaint). Further, Local Rule 137(c) requires that all motions for leave to amend be accompanied by the proposed amended complaint. Lanier, 2013 WL 3892953, at *1 ("The Court has discretion to deny a motion to amend for the failure to attach a proposed pleading as required by local rule.").

In this case, Plaintiff has failed to attach a proposed second amended complaint to either of his motions for leave to file a second amended complaint. Therefore, both of Plaintiff's motions fail to comply with Local Rule 137(c). Additionally, while Plaintiff's motions state that he wishes to add a fraud or misrepresentation claim against each of the named Defendants in this action, Plaintiff's description of the specific claims that he wants to add is vague and conclusory. Therefore, the Court is unable to properly review and evaluate Plaintiff's proposed amendments to determine if leave to amend should be granted. Consequently, Plaintiff's motions for leave to file a second amended complaint are denied, without prejudice to be re-filed with a proposed

2

second amended complaint attached.

Plaintiff's proposed second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  Further, Plaintiff is advised that an amended complaint supersedes the original complaint.  Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's proposed second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.  This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

Finally, since Defendants' motion to dismiss Plaintiff's first amended complaint on the ground that Defendants are entitled to qualified immunity is currently pending before the Court, Plaintiff is ordered to re-file his motion for leave to file a second amended complaint with a signed copy of the proposed second amended complaint attached, within thirty days from the date of service of this order.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motions for leave to file a second amended complaint, (ECF Nos. 38, 56), are DENIED, without prejudice; and
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall re-file his motion for leave to amend a second amended complaint along with a signed copy of the proposed second amended complaint.

IT IS SO ORDERED.

Dated: **February 20, 2020**

_____
UNITED STATES MAGISTRATE JUDGE

3