# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>USHER, et al.,<br><br>Defendants. | Case No. 1:17-cv-01128-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TERMINATING AND EVIDENTARY SANCTIONS AND MOTION FOR A PROTECTIVE ORDER AND PRELIMINARY INJUNCTION AND RESTRAINING ORDER<br><br>(ECF Nos. 37, 42, 47, 48) |

Raymond Alford Bradford ("Plaintiff"), a state prisoner, is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is a motion for terminating and evidentiary sanctions against Defendants German, Rimbach, Sao, Spaeth, Ulit and Usher for destruction of Plaintiff's legal property and a motion for a protective order and preliminary injunction and restraining order.[1]

## I.

## BACKGROUND

Plaintiff filed the complaint in this action on August 22, 2017. (ECF No. 1.) On October

---

[1] Also pending before the Court is Defendants' motion to dismiss and Plaintiff's motion to strike the motion to dismiss. (ECF Nos. 36, 46.) On February 20, 2020, Plaintiff was granted thirty days to file a renewed motion for leave to file a second amended complaint. (ECF No. 59.) The Court shall address the motion to dismiss and motion to strike once the deadline for Plaintiff to file his renewed motion has passed.

1

16, 2017, Plaintiff consented to the jurisdiction of the magistrate judge. (ECF No. 8.) On January 18, 2018, Plaintiff's complaint was screened and found not to state any cognizable claims. (ECF No. 9.) Plaintiff was granted leave to file an amended complaint within thirty days. (Id.)

After receiving an extension of time, Plaintiff filed a first amended complaint on April 9, 2018. (ECF No. 13.) On August 29, 2018, Plaintiff's complaint was screened and found to state a cognizable claim. (ECF No. 17.) Plaintiff was ordered to either file an amended complaint or notify the court that he was willing to proceed on the claims found to be cognizable in the screening order. (Id.) Plaintiff filed objections to the screening order on September 19, 2018. (ECF No. 18.) On September 21, 2018, findings and recommendations issued recommending that certain claims and defendants be dismissed from the action. (ECF No. 19.) Plaintiff filed objections to the findings and recommendations on October 18, 2018. (ECF No. 20.) On December 4, 2018, District Judge Dale Drozd adopted the findings and recommendations and this matter is proceeding on the first amended complaint against Defendants Usher, Rimbach, German, Ulit, Spaeth, and Sao for violation of the Eighth Amendment based on Plaintiff's allegations related to Valley Fever. (ECF No. 21.)

Based on the first amended complaint, on December 5, 2018, findings and recommendations issued recommending revoking Plaintiff's in forma pauperis status in this matter. (ECF No. 22.) On December 26, 2018, Plaintiff filed objections to the findings and recommendations and a motion for injunctive relief alleging he was under imminent danger of serious physical injury. (ECF Nos. 23, 24.) On February 5, 2019, findings and recommendations issued recommending that Plaintiff's motion for injunctive relief be denied. (ECF No. 25.) On September 12, 2019, District Judge Drozd declined to adopt the findings and recommendations to revoke Plaintiff's in forma pauperis status and adopted the findings and recommendations denying the motion for a preliminary injunction and temporary restraining order. (ECF No. 29.) On December 4, 2019, Defendants consented to the jurisdiction of the magistrate judge and this case was reassigned to the undersigned for all purposes. (ECF Nos. 34, 35.)

On December 23, 2019, Defendants filed a motion to dismiss Plaintiff's first amended complaint and Plaintiff filed a motion for terminating and evidentiary sanctions. (ECF Nos. 36, 37.) On January 2, 2020, Plaintiff filed a motion for leave to file a second amended complaint and an opposition to the motion to dismiss. (ECF Nos. 38, 39.) On January 9, 2020, Defendants filed a reply to Plaintiff's opposition and an opposition to Plaintiff's motion for sanctions. (ECF Nos. 42, 43.)

On January 21, 2020, Plaintiff filed two motions for summary judgment, a motion to strike Defendants' motion to dismiss, a request for judicial notice, and a motion for a protective order and preliminary injunction. (ECF Nos. 44-48.) On January 27, 2020, Plaintiff filed six motions for summary judgment, a request for judicial notice, and a motion for leave to file a second amended complaint. (ECF Nos. 49-56.) On January 28, 2020, Defendants filed an opposition to Plaintiff's motions for summary judgment. (ECF No. 57.) On February 20, 2020, Plaintiffs' eight motions for summary judgment were denied as premature and his motion for leave to file a second amended complaint was denied without prejudice for his failure to include the proposed complaint with the motion. (ECF Nos. 58, 59.) Plaintiff was ordered to file a renewed motion for leave to file his amended complaint within thirty days. (ECF No. 59.)

**II.**

**DISCUSSION**

Plaintiff seeks an order excusing him from having to exhaust his administrative remedies and for a settlement conference to be set because prison officials poured feces over three of his boxes of legal and personal property. Plaintiff also seeks a protective order and temporary restraining order to be transferred to the county jail to serve out the remainder of his sentence.

Plaintiff contends that this legal property was destroyed to keep him from litigating a nonfrivolous claim and that sanctions are justified pursuant to the local rules and the inherent power of the court. Plaintiff alleges that he has been subjected to an ongoing campaign of bad faith and abusive litigation tactics by defendants and prison officials from August 29, 2017 though the date the motion was filed which appears to be an active conspiracy to commit murder and obstruction of justice.

3

On May 17, 2018, Plaintiff was attacked by prison guards and received a head injury and was charged with two bogus counts of attempted murder. On August 8, 2018; October 6, 2018; and June 5, 2019, Plaintiff was attacked in retaliation for his filing civil litigation and his legal papers were destroyed by prison officials pouring feces over three boxes of his legal property. Plaintiff seeks sanctions under Rules 37 and 41 of the Federal Rules of Civil Procedure.

Defendants counter that Plaintiff's request for terminating sanctions should be denied because the conduct he complains of cannot be attributed to the defendants in this action, but is the alleged conduct of third parties. Defendants also contend that Plaintiff has not established that the third parties actually engaged in the conduct that he complains of, and he has failed to demonstrate how the alleged conduct of the third parties frustrated or impeded his ability to bring or maintain this action. Defendants assert that it is clear from the documents attached to Plaintiff's motion that the conduct alleged at occurred at California State Prison-Los Angeles County between May 18, 2018 and January 23, 2019, and that Plaintiff has not been housed at Kern Valley State Prison ("KVSP") since August 29, 2017.

Defendants argue that the claims proceeding in this action are brought against (1) Usher, a Correctional Counselor at KVSP; (2) Rimbach, the Acting Warden at KVSP; (3) Spaeth, a physician at KVSP; (4) Sao, a physician at KVSP; (5) German, a RN at KVSP; and (6) Ulit, a physician at KVSP and none of these defendants are alleged to have been employed as a prison guard, or in any other capacity at California State Prison-Los Angeles County. Defendants contend that since there are no allegations that the defendants in this action engaged in the misconduct alleged but by some employee at another prison who is not a party to this action sanctions would be inappropriate in this action.

Further, Defendants contend there is no authority that would permit the court to impose sanctions based on the acts of third parties.

### A.    Plaintiff's Motion for Sanctions

"Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and

1  vexatiously multiplies the proceedings, and (3) the court's inherent power." Fink v. Gomez, 239

2  F.3d 989, 991 (9th Cir. 2001).  Plaintiff seeks terminating or evidentiary sanctions pursuant to

3  Rules 37 and 41 of the Federal Rules of Civil Procedure, Rule 110 of the Local Rules of the

4  Eastern District of California, and the inherent power of the court.

5       Rule 37 of the Federal Rules of Civil Procedures provides for sanctions for the failure to

6  make discovery disclosures or to cooperate in discovery.  Upon finding a violation of the

7  discovery rules, a court may "bar the disobedient party from introducing certain evidence, or it

8  may direct that certain facts shall be 'taken to be established for the purposes of the action. . . .'

9  Roadway Exp., Inc. v. Piper, 447 U.S. 752, 763 (1980).  Rule 37 also permits the court to issue

10 sanctions such as striking claims from the pleadings or to dismiss the action or issue a judgment

11 by default against the disobedient party.  Roadway Exp., Inc., 447 U.S. at 763.  Plaintiff has not

12 alleged the defendants nor any other person has failed to cooperate in discovery or failed to make

13 discovery disclosures in this action.  The Court finds no basis for sanctions to issue under Rule

14 37.

15      A court may dismiss an action under Rule 41 where "the plaintiff fails to prosecute or to

16 comply with these rules or a court order."  Fed. R. Civ. P 41(b).  Similarly, Local Rule 110

17 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of

18 the Court may be grounds for imposition by the Court of any and all sanctions . . . within the

19 inherent power of the Court."  However, Plaintiff has not set forth any Rule or order of the Court

20 that has been violated by the conduct alleged.  Plaintiff has not demonstrated that sanctions

21 would be appropriate under Rule 41 or Local Rule 110.

22      Additionally, the court possesses inherent authority to impose sanctions to manage its

23 own affairs so as to achieve the orderly and expeditious disposition of cases.  Chambers v.

24 NASCO, Inc., 501 U.S. 32, 43 (1991).  The court's inherent power is that which is necessary to

25 the exercise of all others, including to protect the due and orderly administration of justice and

26 maintain the authority and dignity of the court.  Roadway Exp., Inc., 447 U.S. at 764.  This

27 inherent power is to "be exercised with restraint and discretion."  Id.; F.J. Hanshaw Enterprises,

28 Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1137 (9th Cir. 2001).  Sanctions may be issued

5

1 under the court's inherent power where the court finds that a party acted in "willful disobedience

2 of a court order ... or when the losing party has acted in bad faith, vexatiously, wantonly, or for

3 oppressive reasons....". Fink, 239 F.3d at 994 (quoting Roadway Exp., 447 U.S. at 766). The

4 district court's inherent authority to impose sanctions for bad faith includes a broad range of

5 willful improper conduct. Fink, 239 F.3d at 992; B.K.B. v. Maui Police Dep't, 276 F.3d 1091,

6 1108 (9th Cir. 2002), as amended (Feb. 20, 2002).

7      This inherent power provides courts with the ability to punish conduct not only within

8 their confines but beyond, regardless of whether that conduct interfered with trial. F.J. Hanshaw

9 Enterprises, Inc., 244 F.3d at 1136. In exercising its inherent power, the court can dismiss a case

10 in its entirety, bar witnesses, award attorney's fees and assess fines. Id. The Ninth Circuit has

11 not decided the burden of proof required for an award of sanctions, but has held that clear and

12 convincing evidence of bad faith will suffice. Lahiri v. Universal Music & Video Distribution

13 Corp., 606 F.3d 1216, 1219 (9th Cir. 2010); In re Lehtinen, 564 F.3d 1052, 1061 n.4 (9th Cir.

14 2009).

15      Here, it is clear from Plaintiff's motions that the misconduct he alleges occurred did not

16 take place at KVSP and cannot be attributed to any action by any defendant named in this action.

17 Plaintiff submits his appeal regarding his paperwork being covered in feces. (ECF No. 37 at 13-

18 14.) The appeal response and the attached medical records demonstrate that the incident

19 occurred at California State Prison-Los Angeles. (Id. at 13, 14, 15.) The appeal states that

20 Plaintiff's property was inventoried on October 6, 2018, by Officer R. Monteon after Plaintiff

21 was admitted to a mental crisis bed in the Correctional Treatment Center. (Id. at 13.) The

22 property was soiled with feces all over it and it was placed in three boxes that were taken to

23 Receiving and Release. (Id.) On this date, Plaintiff's cell was recorded to have contained fecal

24 matter in various areas. The team assigned to clean the cell had to wear protective gear due to

25 the amount of fecal matter that had been smeared in the cell. (Third Level Appeal Decision,

26 ECF No. 37 at 12.) Correctional Officer Miranda reported that Plaintiff had smeared feces all

27 over his cell, including his mattress and his property. (Id.)

28      Plaintiff also attaches a medical record from May 17, 2018 from R.J. Donovan

Correctional Center which states that Plaintiff said, "I stabbed an inmate."  (ECF 37 at 16.)

Further, the documents in support of his protective order all concern events that occurred at the

R.J. Donovan Correctional Center or California State Prison-Los Angeles.  (See ECF No. 47.)

Plaintiff has not presented any evidence that the defendants named in this action were involved in or instigated the incidents alleged in Plaintiff's motions.  The Court notes that the defendants in this action are a correctional counselor, an acting warden, a nurse, and physicians at KVSP.  Plaintiff's motion merely contains conclusory allegations that Defendants engaged in an active conspiracy to commit murder and obstruct justice.  However, there are no allegations by which the Court could reasonably infer that there is an ongoing conspiracy and Plaintiff has presented no evidence of such a conspiracy.

Here, the evidence attached to Plaintiff's complaint suggests that Plaintiff smeared feces over his cell and his property was also contaminated as a result.  Plaintiff has presented no evidence that any prison official "poured feces" over his three boxes of property or that any defendant in this action was involved in the incident.  Further, Plaintiff contends that prison officials continually lie about beating him up, but again there is no evidence that any defendant in this action engaged in such conduct or that the conduct alleged in the motion can be attributed to any defendant.  Plaintiff has failed to show by clear and convincing evidence that the defendants have engaged in bad faith conduct or conduct tantamount to bad faith.

The Ninth Circuit has held that there are some situations in which the district court does have the authority to sanction a nonparty under its inherent authority to curb abusive litigation practices. Corder v. Howard Johnson & Co., 53 F.3d 225, 232 (9th Cir. 1994; see In re Rainbow Magazine, Inc., 77 F.3d 278, 282 (9th Cir. 1996) (sanction imposed against a nonparty for filing false statement); David v. Hooker, Ltd., 560 F.2d 412, 421 (9th Cir. 1977) (sanctions against sole officer of corporation for failing to respond to discovery requests); see also Manez v. Bridgestone Firestone N. Am. Tire, LLC, 533 F.3d 578, 585 (7th Cir. 2008) ("No matter who allegedly commits a fraud on the court—a party, an attorney, or a nonparty witness—the court has the inherent power to conduct proceedings to investigate that allegation and, if it is proven, to punish that conduct.").  However, Plaintiff is not seeking sanctions against the non-parties nor

7

1 has he presented evidence that the action of any non-party constituted an abusive litigation

2 practice in the current action.

3        Plaintiff's motion for terminating or evidentiary sanctions is denied.

4        **B.       Motion for a Protective Order and Preliminary Injunction**

5        Plaintiff contends that he has filed several motions of a protective order that contain

6 evidentiary support that prison officials have conspired to commit murder and obstruct justice,

7 but his motions for a preliminary injunction have been denied by both this court and the Central

8 District of California.  He alleges that prison officials continue to destroy his legal property and

9 beat him up and he seeks an order transferring him to the custody of the county jail to complete

10 his prison term.

11        The purpose of a temporary restraining order or a preliminary injunction is to preserve

12 the status quo if the balance of equities so heavily favors the moving party that justice requires

13 the court to intervene to secure the positions until the merits of the action are ultimately

14 determined.  <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981).  "A plaintiff seeking a

15 preliminary injunction [or temporary restraining order] must establish that he is likely to succeed

16 on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

17 the balance of equities tips in his favor, and that an injunction is in the public interest."  <u>Winter v.</u>

18 <u>Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 20 (2008).  "[A] preliminary injunction is

19 an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear

20 showing, carries the burden of persuasion."  <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997)

21 (quotations and citations omitted) (emphasis in original).

22        Federal courts are courts of limited jurisdiction and in considering a request for

23 preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter,

24 it have before it an actual case or controversy.  <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102

25 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>,

26 454 U.S. 464, 471 (1982).  Requests for prospective relief are further limited by 18 U.S.C. §

27 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief

28 [sought] is narrowly drawn, extends no further than necessary to correct the violation of the

1  Federal right, and is the least intrusive means necessary to correct the violation of the Federal

2  right."

3       In his present motion, Plaintiff contends that since August 29, 2017, he has continually

4  been attacked by prison guards at each and every prison in which he has been housed because he

5  has filed a nonfrivolous lawsuit against the defendants in this action.  Plaintiff states that his

6  legal property was soiled with feces when he was housed at California State Prison-Los Angeles

7  County.  Plaintiff was framed for two attempted murders and prison guards ordered a hit on

8  Plaintiff.  When inmate Cornett tried to ambush Plaintiff, he was stabbed in self-defense and

9  after Plaintiff surrendered his weapon, the guard stabbed himself with Plaintiff's weapon to

10 justify Plaintiff's injuries.  Further, as previously discussed, all the exhibits attached to Plaintiff's

11 motion reference incidents that occurred at the R.J. Donovan Correctional Facility or at

12 California State Prison-Los Angeles County.  Plaintiff attaches a third level appeal decision

13 regarding his appeal in which Plaintiff grieved that on November 21, 2017, he was threatened

14 with being written up because one of the guards believed that he was using his pill pass to roam

15 the yard in his wheelchair.  Plaintiff sought to be able to pick up his pills without being assaulted.

16 (Third Level Appeal Decision, ECF No. 47 at 5.)

17      Plaintiff also includes a declaration from P. Bracamonte, facility captain at the R.J.

18 Donovan Correctional Facility, stating that on May 17, 2018, Plaintiff was discovered to have an

19 inmate manufactured weapon in his hand, and that Plaintiff charged toward a correctional officer

20 and lunged forward striking the officer with the weapon.  (Decl. of P. Bracamonte, ECF No. 47

21 at 9-10.)  Also included is the rules violation report from the officer regarding the alleged attack

22 by Plaintiff and a rules violation report stating that during the investigation into the attack

23 Plaintiff admitted to stabbing inmate Cornett on this same date.  (Rules Violation Report, ECF

24 No. 47 at 11-13.)

25      There are also medical reports attached: two October 6, 2018 report from California State

26 Prison-Los Angeles County in which Plaintiff states that he was beat up by the guards and

27 describes his injuries; and a May 5, 2018 report from R.J Donovan Correctional Facility in which

28 Plaintiff states that he stabbed an inmate. (ECF No. 47 at 14-16.)

1       This action is proceeding on Plaintiff's claim against defendants Usher, Rimbach,

2  German, Ulit, Spaeth, and Sao for violation of the Eighth Amendment, based on Plaintiff's

3  allegations related to Valley Fever while housed at Kern Valley State Prison.  (ECF No. 21.)  As

4  Plaintiff has previously been advised in the February 5, 2019 findings and recommendations

5  issued by this Court, the pendency of this case does not provide Plaintiff with standing to seek

6  relief directed at remedying his current conditions of confinement, which are occurring at a

7  different prison and which involve different prison employees.  Summers v. Earth Island

8  Institute, 555 U.S. 488, 493 (2009) (citation omitted); Lujan v. Defenders of Wildlife, 504 U.S.

9  555, 560-61 (1992); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  Plaintiff is

10  not entitled to any relief that is not narrowly drawn to correct the violation of his rights at issue

11  in this action.

12       The equitable relief requested herein, transfer to the county jail, is not sufficiently related

13  to Plaintiff's underlying legal claims to satisfy the jurisdictional requirements that apply to

14  federal courts.  Moreover, Plaintiff may not seek injunctive relief against an individual who is

15  not a party to the instant action.  "A federal court may issue an injunction if it has personal

16  jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to

17  determine the rights of persons not before the court."  Zepeda v. United States Immigration

18  Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

19       Here, the Court does not have jurisdiction over any parties at the California State Prison,

20  Sacramento where Plaintiff is currently housed.  Moreover, even if the Court did have

21  jurisdiction over those individuals, Plaintiff has failed to establish the imminent irreparable harm

22  required to support a preliminary injunction.  Plaintiff alleges only violations of the law in the

23  past, and he has failed to establish that there is a threat of future or repeated injury that is both

24  "real and immediate," not just "conjectural" or "hypothetical."  Lyons, , 461 U.S. at 102.

25       For these reasons, Plaintiff's request for injunctive relief is denied.

26  / / /

27  / / /

28  / / /

10

# III.

# CONCLUSION AND ORDER

For the reasons discussed, Plaintiff has failed to establish that evidentiary or terminating sanctions would be appropriate in this matter. Further, the Court does not have jurisdiction to order the injunctive relief sought by Plaintiff in this action, the remedy he seeks is not narrowly tailored to address the claims at issue in this action, and he has not established that there is a threat of harm that is more than just conjectural or hypothetical.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for terminating and evidentiary sanctions, filed December 23, 2019, is DENIED; and

2. Plaintiff's motion for a protective order and preliminary injunction is DENIED.

IT IS SO ORDERED.

Dated:   **April 7, 2020**

UNITED STATES MAGISTRATE JUDGE