# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>USHER, et al.,<br><br>    Defendants. | Case No.  1:17-cv-01128-SAB (PC)<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO STRIKE<br><br>(ECF Nos. 36, 39, 41, 46)<br><br>TWENTY DAY DEADLINE |

Raymond Alford Bradford ("Plaintiff"), a state prisoner, is appearing *pro se and in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is Defendants' motion to dismiss the complaint and Plaintiff's motion to strike which are submitted on the papers pursuant to the Local Rules of the Eastern District of California.  L.R. 230(l).  For the reasons discussed below, Defendants' motion to dismiss shall be denied.

**I.**

**PROCEDURAL HISTORY**

Plaintiff filed a complaint in this action on August 22, 2017.  (ECF No. 1.)  On October 19, 2017, Plaintiff consented to the jurisdiction of the magistrate judge.  (ECF No. 8.)  On January 18, 2018, Plaintiff's complaint was screened and found not to state any cognizable claims.  (ECF No. 9.)  Plaintiff was granted leave to file an amended complaint within thirty days.  (Id.)

Plaintiff did not timely amend his complaint, and on March 2, 2018, an order issued requiring Plaintiff to show cause why this action should not be dismissed for failure to obey a

court order and failure to state a claim. (ECF No. 10.) On March 23, 2018, Plaintiff filed a motion for an extension of time to file his amended complaint. (ECF No. 11.) On March 27, 2018, the order to show cause was discharged and Plaintiff was ordered to file an amended complaint within twenty-one days. (ECF No. 12.)

Plaintiff filed a first amended complaint on April 9, 2019. (ECF No. 13.) The complaint was screened on August 29, 2018. (ECF No. 17.) Plaintiff was found to have stated a cognizable claim against Defendants Usher, Rimbach, German, Ulit, Spaeth and Sao for violation of the Eighth Amendment, in their individual capacities. (Id. at 6.) Plaintiff was ordered to either file a second amended complaint or to notify the court that he was willing to proceed on the claims that had been found to be cognizable. (Id. at 7.) On September 19, 2018, Plaintiff filed objections to the screening order. (ECF No. 18.)

On September 21, 2018, findings and recommendations were filed recommending dismissing certain claims and defendants from this action based on Plaintiff's failure to state a claim. (ECF No. 19.) Plaintiff filed objections to the findings and recommendations on October 18, 2018. (ECF No. 20.) On December 4, 2018, District Judge Dale A. Drozd adopted the findings and recommendations. (ECF No. 21.)

On December 5, 2018, findings and recommendations issued recommending revoking Plaintiff's *in forma pauperis* status in this action. (ECF NO. 22.) Plaintiff filed objections to the findings and recommendations and a motion for a preliminary injunction on December 26, 2018. (ECF Nos. 23, 24.) On February 5, 2019, findings and recommendations were filed recommending denying Plaintiff's motion for a preliminary injunction. (ECF No. 25.) On September 12, 2019, Judge Drozd declined to adopt the findings and recommendations recommending revoking Plaintiff's *in forma pauperis* status and denied Plaintiff's motion for a preliminary injunction. (ECF No. 29.)

On September 16, 2019, an order was filed finding service of the complaint appropriate and the United States Marshal was ordered to serve Defendants. (ECF No. 30.) On December 4, 2019, Defendants Usher, Rimbach, German, Ulit, Spaeth, and Sao consented to the jurisdiction of the magistrate judge and this matter was reassigned to the undersigned for all purposes. (ECF

1 Nos. 34, 35.)

2 On December 23, 2019, Defendants filed a motion to dismiss the first amended complaint on the ground that they are entitled to qualified immunity. (ECF No. 36.) On this same date, Plaintiff filed a motion for terminating and evidentiary sanctions. (ECF No. 37.) Plaintiff filed a motion to amend the complaint and an opposition to the motion to dismiss on January 2, 2020. (ECF No. 38, 39.) On January 9, 2020, Defendants filed a reply to Plaintiff's opposition to the motion to dismiss. (ECF No. 41.) On January 10, 2020, Defendants filed an opposition to Plaintiff's motion for terminating and evidentiary sanctions. (ECF No. 42.) On January 15, 2020, Defendants filed an opposition to Plaintiff's motion to file an amended complaint. (ECF No. 43.)

On January 21, 2020, Plaintiff filed a motion for summary judgment, a motion to strike Defendants' motion to dismiss, a request for judicial notice, and a motion for a protective order and preliminary injunction. (ECF Nos. 44-48.) On January 27, 2020, Plaintiff filed six motions for summary judgment, a request for judicial notice, and a second motion for leave to file a second amended complaint. (ECF Nos. 49-56.) On February 20, 2020, orders issued denying Plaintiff's motions for summary judgment as premature and denying without prejudice his two motions for leave to file a second amended complaint. (ECF Nos. 58, 59.) Plaintiff was ordered to file a motion for leave to file second amended complaint that included a copy of the proposed amended complaint within thirty days. (ECF No. 59 at 3.)

On April 7, 2020, an order was filed denying Plaintiff's motion for terminating and evidentiary sanctions and his motion for a protective order and preliminary injunction and restraining order. (ECF No. 60.) Plaintiff did not file a timely motion for leave to file a second amended complaint.

## II.

## RELEVANT ALLEGATIONS IN FIRST AMENDED COMPLAINT

This action is proceeding on Plaintiff's claim against Defendants Usher, Rimbach, German, Ulit, Spaeth, and Sao for violation of the Eighth Amendment based on Plaintiff's allegations related to Valley Fever. (ECF No. 21 at 3.) The Court shall set forth only those

3

1 factual allegations in the first amended complaint that are relevant to this claim.

2       The allegations in the complaint occurred while Plaintiff was housed at Kern Valley State 3 Prison ("KVSP") where Plaintiff was housed from around September 6, 2015 through August 4 29, 2017. Defendant Usher was employed at KVSP as a correctional counselor. Defendant 5 Rimbach was the acting warden at KVSP. Defendants Spaeth, Sao and Ulit are physicians at 6 KVSP. Defendant German is a registered nurse at KVSP. Plaintiff alleges that Defendants 7 deliberately failed to protect him from contracting Valley Fever knowing that he was at a high 8 risk due to his medical conditions.

9       Plaintiff arrived at KVSP around March 5, 2015 and was labeled "high risk" medical and 10 had a medical chrono which noted that Plaintiff was cocci area two ineligible. Defendants Usher 11 and Rimbach had access to Plaintiff's C file and were aware of his medical chrono. Around 12 September 6, 2015, Plaintiff complained to Defendant German that he had flu like symptoms, 13 chest pain and weight loss. Plaintiff was denied treatment and it was not until November 16, 14 2015 that Plaintiff was taken to an outside hospital and diagnosed with Valley Fever and 15 pneumonia.

16       Plaintiff's inmate appeals for an N-95 mask, pain medication, soil stabilization, cleaning 17 of vents, and a medical transfer out of the Central Valley were denied. Plaintiff contends that the 18 defendants knowing failed to protect him from the risk of contracting Valley Fever while 19 knowing that he was high risk inmate.

## III.

## MOTION TO DISMISS LEGAL STANDARD

22       Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on 23 the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A 24 motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. <u>Navarro</u> 25 <u>v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a motion to dismiss, "[a]ll allegations 26 of material fact are taken as true and construed in the light most favorable to the nonmoving 27 party." <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337–38 (9th Cir. 1996). The pleading 28 standard under Rule 8 of the Federal Rules of Civil Procedure does not require " 'detailed factual

4

allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. To avoid a dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply. First, to be entitled to the presumption of truth the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, must plausibly suggest an entitlement to relief. Starr, 652 F.3d at 1216. "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro, 250 F.3d at 732 (citing Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988)).

## IV.

## ANALYSIS AND DISCUSSION

Defendants move to dismiss this action based upon the Ninth Circuit' recent holding in Hines v. Youseff, 914 F.3d 1218 (9th Cir. 2019), in which it was determined that the right to be free from heightened exposure to Valley Fever spores was not clearly established. Defendants contend that as found in Hines it was not clearly established that it was unlawful for Plaintiff to be housed at KVSP where he was exposed to Valley Fever and they are entitled to qualified immunity.

Plaintiff counters that Defendants' argument is frivolous and for that reason he is entitled

to relief. Plaintiff concedes that in certain situations prison officials are entitled to immunity. However, he argues that, in this instance, Defendants were placed on notice by the representative in Sacramento of medical chrono ineligibility and Plaintiff was still housed at KVSP.

Defendants reply that Plaintiff fails to address the controlling decision in Hines but merely suggests that they are not entitled to qualified immunity because they were on notice that he was ineligible to be housed at KVSP, yet housed him in an environmentally unsafe prison condition which caused him to contract Valley Fever. Defendants argue that the Ninth Circuit has determined that "the right to be free from heightened exposure to Valley Fever spores" is not clearly established citing Hines, 914 F.3d at 1229-31.

### A. Qualified Immunity

The doctrine of qualified immunity protects government officials from civil liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). " 'Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments,' and 'protects all but the plainly incompetent or those who knowingly violate the law.' " Stanton v. Sims, 134 S.Ct. 3, 5 (2013) (citations omitted).

To determine if an official is entitled to qualified immunity the court uses a two part inquiry. Saucier v. Katz, 533 U.S. 194, 200 (2001). The court determines if the facts as alleged state a violation of a constitutional right and if the right is clearly established so that a reasonable official would have known that his conduct was unlawful. Saucier, 533 U.S. at 200. A district court is "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson, 555 U.S. at 236. The inquiry as to whether the right was clearly established is "solely a question of law for the judge." Dunn v. Castro, 621 F.3d 1196, 1199 (9th Cir. 2010) (quoting Tortu v. Las Vegas Metro. Police Dep't. 556 F.3d 1075, 1085 (9th Cir. 2009)).

It is not required that there be a case directly on point before concluding that the law is

clearly established, "but existing precedent must have placed the statutory or constitutional question beyond debate." Stanton, 134 S.Ct. at 5 (quoting Ashcroft v. al–Kidd, 131 S.Ct. 2074, 2085 (2011). A right is clearly established where it is "sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." Hines, 914 F.3d at 1229 (quoting Reichle v. Howards, 566 U.S. 658, 664 (2012)). In determining if the right is clearly established, the court must consider the law, "in light of the specific context of the case, not as a broad general proposition." Hines, 914 F.3d at 1229 (Mullenix v. Luna, 136 S.Ct. 305, 308 (2015).

### 1. Whether Plaintiff States a Cognizable Claim for Deliberate Indifference

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

"Coccidioidomycosis, commonly known as "Valley Fever," is an infection caused by inhaling the spores of the fungus Coccidioides, which is endemic to the soil throughout the southwestern United States, and is particularly prevalent in California's San Joaquin Valley." Smith v. Schwarzenegger, 137 F.Supp.3d 1233, 1235–36 (E.D. Cal. 2015), aff'd sub nom. Hines, 914 F.3d 1218. Cocci naturally exist in the Central Valley where many prisons are located. Smith, 137 F.Supp.3d at 1236.

Here, Plaintiff contends that at the time that he was transferred to KVSP his file contained a medical chrono that stated he was ineligible to be housed in cocci area 2. The

1 Federal Receiver issued directives that inmates with certain specified medical conditions should not be housed in the Central Valley. Hines, 914 F.3d at 1231. Liberally construed, Plaintiff is alleging that he is an inmate that was precluded from being housed in the Central Valley under the directive of the Receiver and he had a medical chrono restricting him from being housed in an endemic area prior to being transferred to KVSP. If prison officials knew that Plaintiff had a serious medical condition and Receiver had determined that due to his medical condition Plaintiff could not be housed in the Central Valley, then placement at KVSP in disregard of that directive could be deliberate indifference. See Orr v. Cty. of Sacramento, No. CIV. S-13-0839 LKK, 2013 WL 4519637, at *6 (E.D. Cal. Aug. 26, 2013) (ignoring the recommendations of medical staff on how an inmate should be housed is deliberate indifference). The Court finds that Plaintiff has alleged sufficient facts to state a plausible claim that by housing him at KVSP in violation of his medical chrono, Defendants were deliberately indifferent to his serious medical condition.[1]

### 2. Whether the Law Was Clearly Established

Defendants argue that they are entitled to qualified immunity based on the finding that there was no clearly established right to be free from heightened exposure to Valley Fever in Hines. In Hines, the Ninth Circuit did not consider whether exposing inmates to a heightened exposure of Valley Fever spores violated the Eighth Amendment's prohibition against cruel and unusual punishment, but addressed whether the law was clearly established at the time the defendants acted. Hines, 914 F.3d at 1229. While the court did not require a case on all fours, the court found that in order for the law to be clearly established there would need to be controlling authority or a robust of consensus of cases of persuasive authority that had previously held that it would be cruel and unusual punishment to expose prisoners to a heightened exposure to Valley Fever spores. Id. at 1230.

Similar to the district court's previous findings, see Smith, 137 F.Supp.3d at 1242-1251; the Ninth Circuit found that no such precedent exits. Hines, 914 F.3d at 1230. The court also

---

[1] While the Court has found that Plaintiff's complaint states a claim for deliberate indifference based on the allegations alleged in the complaint, this is not a finding that any defendant was deliberately indifferent.

found that the risk was not so clear or obvious that exposing inmates to Valley Fever would violate the Eighth Amendment. Id. at 1230. More specifically, the Court found it was not obvious so that no reasonable prison official would have thought that free society would not have tolerated the risk. Id. at 1231. The plaintiffs failed to meet their burden because "a federal court supervised the officials' actions, and there is no evidence that 'society's attitude had evolved to the point that involuntary exposure" to such a risk 'violated current standards of decency,' especially given that millions of free individuals tolerate a heightened risk of Valley Fever by voluntarily living in California's Central Valley and elsewhere. Those two facts mean that a reasonable official could have thought that he or she was complying with the Constitution." Id.

The Hines court found that "[b]ecause the Receiver oversaw prison medical care and protective measures regarding Valley Fever, state officials could have reasonably believed that their actions were constitutional so long as they complied with the orders from the Receiver and the Plata court." Hines, 914 F.3d at 1231. The inmates in these consolidated cases had not claimed that state officials defied the orders promulgated by the Federal Receiver that were directed specifically to the Valley Fever problem. Id.

In this instance, Plaintiff is not merely alleging that he was at a heightened risk of Valley Fever, but that in housing him at KVSP the defendants disregarded his medical chrono stating that he was ineligible to be housed in an endemic area. Hines did not address a claim that an inmate had been housed in the Central Valley in violation of the Receiver's directive. Defendants have not addressed whether the law was clearly established in the context of this claim.

An inmate has been stripped of virtually every means of self-protection and their access to outside aid has been foreclosed, so the government and its officials are not free to place an inmate in prison and let the state of nature take its course. Farmer, 511 U.S. at 833. But "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

1  inference." Farmer, 511 U.S. at 838.

2  Here, Plaintiff has alleged that due to his serious medical condition, he had been 3 determined ineligible to be housed in an area with cocci and that Defendants were aware of this 4 at the time he was transferred to KVSP because his medical chrono documented his cocci 5 ineligibility. The Ninth Circuit considered a prisoner's claim that prison officials were 6 deliberately indifferent by housing him contrary to his medical chronos in Akhtar v. Mesa, 698 7 F.3d 1202 (9th Cir. 2012). The prisoner alleged that he had serious medical conditions for which 8 he had been issued a chrono excluding him from dayroom and gym dormitory bunk living. 9 Akhtar, 698 F.3d at 1206. Prison officials tried to move him to the dayroom and he refused 10 showing them his chrono. Id. He was moved to the dayroom and fell breaking his wrist. Id. He 11 filed an action alleging that the prison officials were deliberately indifferent by housing him in 12 violation of his medical chrono. Id. The complaint was found to state a cognizable claim and 13 defendants moved to dismiss on the ground that the plaintiff had failed to exhaust his 14 administrative remedies and for failure to state a claim. Id. at 1207. The district court granted 15 the motion on both grounds. Id.

16 On appeal, the Ninth Circuit found that the medical chrono established that the plaintiff 17 had a serious medical need. Akhtar, 698 F.3d at 1213. The court found that the complaint 18 sufficiently alleged that the defendants were deliberately indifferent by ignoring his medical 19 chrono and moving him to the dayroom. Id. at 1214. District courts also find that the failure to 20 honor a medical chrono can state a claim for deliberate indifference. See Arellano v. Hodge, No. 21 14-CV-00590-JLS-JLB, 2018 WL 3618050, at *7 (S.D. Cal. July 30, 2018) (finding genuine 22 issue of material fact on summary judgment); Randolph v. Nix, No. 1:12-CV-00392-LJO, 2013 23 WL 4676580, at *3 (E.D. Cal. Aug. 30, 2013), report and recommendation adopted, No. 1:12-24 CV-00392-LJO, 2013 WL 5347504 (E.D. Cal. Sept. 23, 2013) ("where there was in place a 25 medical order that an inmate be assigned to a lower bunk, that order was known to the 26 defendants, and the inmate was thereafter assigned to an upper bunk resulting in an injury to the 27 inmate, the evidence suffices to raise a question of fact on the second prong of the claim"). The 28 Court finds that it was clearly established that housing an inmate in conditions that the defendant

knows to be contrary to an inmate's medical chrono could be deliberate indifference.  For this reason, Defendants' motion to dismiss on the ground of qualified immunity is denied.

**B.    Motion to Strike**

Plaintiff filed a motion to strike Defendants' reply brief arguing that it is without merit, baseless, immaterial, scandalous and redundant.  Rule 12(f) provides that "the court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike pursuant to Rule 12(f) are generally regarded with disfavor and the remedy is to be used only "when necessary to discourage parties from raising allegations completely unrelated to the relevant claims and when the interests of justice so require."  Sapiro v. Encompass Ins., 221 F.R.D. 513, 517 (N.D. Cal. 2004).

Here, Plaintiff has failed to identify what within the reply brief is redundant, immaterial, impertinent, or scandalous.  Plaintiff's motion to strike the reply is denied.

## V.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss the first amended complaint on the ground that the defendants are entitled to qualified immunity is DENIED;

2. Plaintiff's motion to strike the reply brief is DENIED; and

3. Within **twenty (20) days** from the date of service of this order, Defendants shall file a responsive pleading.

IT IS SO ORDERED.

Dated:   **April 15, 2020**

UNITED STATES MAGISTRATE JUDGE