**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>    Plaintiff,<br><br>v.<br><br>C. OGBUEHI, et al.<br><br>    Defendants. | Case No.: 1:17-cv-01128-DAD-SAB (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTION TO ORDER DENYING PLAINTIFF'S MOTION FOR TERMINATING AND EVIDENTIARY SANCTIONS AND MOTION FOR A PROTECTIVE ORDER AND PRELIMINARY INJUNCTION AND RESTRAINING ORDER AND STRIKING PLAINTIFF'S SECOND AMENDED COMPLAINT<br><br>(ECF Nos. 62, 63) |

**I.**

**PROCEDURAL HISTORY**

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a complaint in this action on August 22, 2017. (ECF No. 1.) On October 19, 2017, Plaintiff consented to the jurisdiction of the magistrate judge. (ECF No. 8.) On January 18, 2018, Plaintiff's complaint was screened and found not to state any cognizable claims. (ECF No. 9.) Plaintiff was granted leave to file an amended complaint within thirty days. (Id.)

Plaintiff did not timely amend his complaint, and on March 2, 2018, an order issued requiring Plaintiff to show cause why this action should not be dismissed for failure to obey a court order and failure to state a claim. (ECF No. 10.) On March 23, 2018, Plaintiff filed a motion for an extension of time to file his amended complaint. (ECF No. 11.) On March 27, 2018, the order to show cause was

discharged and Plaintiff was ordered to file an amended complaint within twenty-one days.  (ECF No. 12.)

Plaintiff filed a first amended complaint on April 9, 2019.  (ECF No. 13.)  The complaint was screened on August 29, 2018.  (ECF No. 17.)  Plaintiff was found to have stated a cognizable claim against Defendants Usher, Rimbach, German, Ulit, Spaeth and Sao for violation of the Eighth Amendment, in their individual capacities.  (Id. at 6.)  Plaintiff was ordered to either file a second amended complaint or to notify the court that he was willing to proceed on the claims that had been found to be cognizable.  (Id. at 7.)  On September 19, 2018, Plaintiff filed objections to the screening order.  (ECF No. 18.)

On September 21, 2018, findings and recommendations were filed recommending dismissing certain claims and defendants from this action based on Plaintiff's failure to state a claim.  (ECF No. 19.)  Plaintiff filed objections to the findings and recommendations on October 18, 2018.  (ECF No. 20.)  On December 4, 2018, District Judge Dale A. Drozd adopted the findings and recommendations.  (ECF No. 21.)

On December 5, 2018, findings and recommendations issued recommending revoking Plaintiff's *in forma pauperis* status in this action.  (ECF NO. 22.)  Plaintiff filed objections to the findings and recommendations and a motion for a preliminary injunction on December 26, 2018.  (ECF Nos. 23, 24.)  On February 5, 2019, findings and recommendations were filed recommending denying Plaintiff's motion for a preliminary injunction.  (ECF No. 25.)  On September 12, 2019, Judge Drozd declined to adopt the findings and recommendations recommending revoking Plaintiff's *in forma pauperis* status and denied Plaintiff's motion for a preliminary injunction.  (ECF No. 29.)

On September 16, 2019, an order was filed finding service of the complaint appropriate and the United States Marshal was ordered to serve Defendants.  (ECF No. 30.)  On December 4, 2019, Defendants Usher, Rimbach, German, Ulit, Spaeth, and Sao consented to the jurisdiction of the magistrate judge and this matter was reassigned to the undersigned for all purposes.  (ECF Nos. 34, 35.)

On December 23, 2019, Defendants filed a motion to dismiss the first amended complaint on

the ground that they are entitled to qualified immunity. (ECF No. 36.) On this same date, Plaintiff filed a motion for terminating and evidentiary sanctions. (ECF No. 37.) Plaintiff filed a motion to amend the complaint and an opposition to the motion to dismiss on January 2, 2020. (ECF No. 38, 39.) On January 9, 2020, Defendants filed a reply to Plaintiff's opposition to the motion to dismiss. (ECF No. 41.) On January 10, 2020, Defendants filed an opposition to Plaintiff's motion for terminating and evidentiary sanctions. (ECF No. 42.) On January 15, 2020, Defendants filed an opposition to Plaintiff's motion to file an amended complaint. (ECF No. 43.)

On January 21, 2020, Plaintiff filed a motion for summary judgment, a motion to strike Defendants' motion to dismiss, a request for judicial notice, and a motion for a protective order and preliminary injunction. (ECF Nos. 44-48.) On January 27, 2020, Plaintiff filed six motions for summary judgment, a request for judicial notice, and a second motion for leave to file a second amended complaint. (ECF Nos. 49-56.) On February 20, 2020, orders issued denying Plaintiff's motions for summary judgment as premature and denying without prejudice his two motions for leave to file a second amended complaint. (ECF Nos. 58, 59.) Plaintiff was ordered to file a motion for leave to file second amended complaint that included a copy of the proposed amended complaint within thirty days. (ECF No. 59 at 3.) Plaintiff did not file a timely motion for leave to file a second amended complaint.

On April 7, 2020, an order issued denying Plaintiff's motion for terminating and evidentiary sanctions and motion for a protective order and preliminary injunction and restraining order. On April 15, 2020, an order issued denying Defendant's motion to dismiss and denying Plaintiff's motion to strike.

On April 22, 2020, Plaintiff filed an objection to the order denying his motion for terminating and evidentiary sanctions and motion for a protective order and preliminary injunction and restraining order and a second amended complaint.

## II.

## DISCUSSION

In the objection filed on April 22, 2020, Plaintiff states that he would never destroy his own

3

property and that his property inventory made no mention of feces on his property which calls into question the report which states that he smeared feces on his property. Plaintiff states that this Court will never have the last word and he will appeal the order denying his requests. Plaintiff's motions for terminating and evidentiary sanctions and a protective order and preliminary injunction and restraining order were denied because Plaintiffs' motions were based on the alleged actions of third parties with no connection to this lawsuit. Plaintiff's objection has no legal merit and is overruled.

On February 20, 2020, Plaintiff' motions for leave to file a second amended complaint were denied because Plaintiff did not include a proposed amended complaint. Plaintiff was ordered re-file his motion for leave to amend along with a signed copy of the proposed second amended complaint within thirty days. Plaintiff did not refile his motion and proposed complaint as ordered. On April 22, 2020, Plaintiff filed a second amended complaint, but did not file a motion for leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend their pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Plaintiff has previously been granted leave to file an amended complaint, so he is required to obtain leave of the court or written consent of the defendants to file a second amended complaint.

As Plaintiff was advised in the February 20, 2020 order denying his prior motions for leave to amend, Local Rule 137(c) requires that all motions for leave to amend be accompanied by the proposed amended complaint. Plaintiff has not been granted leave to file a second amended complaint and did not file a motion for leave to amend along with his complaint. Plaintiff's second amended complaint shall be stricken from the record for this reason. As Plaintiff was previously advised, to file a second amended complaint, he must file a motion for leave to file an amended complaint along with a copy of the proposed amended complaint. Although Plaintiff is proceeding *pro se* in this matter, he is required to familiarize himself with the Federal and Local Rules and comply with both the rules and orders of the court in litigating this matter. Plaintiff is advised that his failure to complay may result in the issuance of sanctions, up to and including dismissal of an action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objection to the April 7, 2020 order (ECF No. 62) is OVERRULED; and
2. Plaintiff's second amended complaint (ECF No. 63) is STRICKEN FROM THE RECORD.

IT IS SO ORDERED.

Dated:  **April 23, 2020**

UNITED STATES MAGISTRATE JUDGE