# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. OGBUEHI, et al.<br><br>　　　　Defendants. | Case No.: 1:17-cv-01128-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S NINTH AND TENTH MOTIONS FOR SUMMARY JUDGMENT, WITHOUT PREJUDICE<br><br>[ECF Nos. 69, 73] |

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Both parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 35.)

Currently before the Court are Plaintiff's motions for summary judgment, filed June 2, 2020 and June 23, 2020. The Court deems the motions submitted for review without the need for an opposition by Defendants.

## I.

## RELEVANT BACKGROUND

This action is proceeding on Plaintiff's claim against Defendants Usher, Rimbach, German, Ulit, Spaeth, and Sao for violation of the Eighth Amendment based on Plaintiff's allegations related to Valley Fever. (ECF No. 21 at 3.)

On February 20, 2020, the Court denied the previous eight motions for summary judgment filed by Plaintiff. (ECF No. 58.)

On May 5, 2020, Defendants filed an answer to the complaint. (ECF No. 65.)

On May 12, 2020, the Court issued the discovery and scheduling order. (ECF No. 64.)

1

On June 2, 2020, the Court set this case for a settlement conference before Magistrate Judge Barbara A. McAuliffe on September 22, 2020, at 9:30 a.m., and stayed the case. (ECF No. 71.)

As previously stated, on June 2, 2020, Plaintiff filed a ninth motion for summary judgment. (ECF No. 69.)

Then, on June 22, 2020, Plaintiff filed a tenth motion for summary judgment. (ECF No. 73.)

## II.

## DISCUSSION

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Rule 56(d) of the Federal Rules of Civil Procedure provides a procedure by which a party may avoid summary judgment when such party has not had sufficient opportunity to discover affirmative evidence necessary to oppose the motion. See Garrett v. San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987). In particular, Rule 56(d) provides that a court may deny a summary judgment motion and permit the opposing party to conduct discovery where it appears that the opposing party, in the absence of such discovery, is unable to present facts essential to opposing the motion. Fed. R. Civ. P. 56(d). A pending discovery motion is sufficient to raise a question as to whether the party opposing summary judgment should be permitted additional discovery, even if no request under Rule 56(d) has been made. See Garrett, 818 F.2d at 1518.

1       "Although [Federal Rule of Civil Procedure 56] allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." Fed. R. Civ. P. 56, Advisory Committee's Notes (2010 Amendments, Note to Subdivision (b)). Indeed, many courts have denied pre-answer and pre-discovery motions for summary judgment as premature despite technical compliance with the timing provisions of Rule 56. See Williams v. Yuan Chen, No. S-10-1292 CKD P, 2011 WL 4354533, at * 3 (E.D. Cal. Sept. 16, 2011) (denying plaintiff's summary judgment motion as premature where defendant had not yet filed an answer and the court had not issued a discovery order); Moore v. Hubbard, No. CIV-S-06-2187 FCD EFB P, 2009 WL 688897, at *1 (E.D. Cal. Mar. 13, 2009) (recommending that plaintiff's motion for summary judgment be denied as premature where "discovery has not yet begun, defendants have not yet filed an answer and the court has yet to issue a discovery and scheduling order").

      As an initial matter, on June 2, 2020, the Court stayed the case pending the September 22, 2020 settlement conference. Second, the parties have not conducted in discovery as to the merits of Plaintiff's claims. Third, as with Plaintiff's eight prior motions for summary judgment, Plaintiff's ninth and tenth motions for summary judgment are defective in that Plaintiff's undisputed facts are simply assertions of brief legal conclusions. (ECF Nos. 69, 73.) Local Rule 260(a), specifically requires that "[e]ach motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." Although Plaintiff sets forth three statements of undisputed facts, the statements are broad legal conclusions, and not specific statements of fact. Further, Plaintiff's statement of undisputed facts fails to cite to pleadings, affidavit, deposition, interrogatory, answer, admission, or other document relied upon to establish the "facts" he claims are undisputed. Thus, Plaintiff, as the moving party, has failed to produce evidence to meet his initial burden of proof, and the burden therefore has not shifted to Defendants. Accordingly, Plaintiff's ninth and tenth motions for summary judgment shall be denied, without prejudice. Plaintiff is warned that filing additional premature and repetitive baseless motions,

needlessly multiplying the proceedings, wasting judicial resources, or otherwise submitting filings in bad faith or for the purpose of harassment, may subject him to sanctions. In addition, once a motion is filed seeking certain relief, no additional motions should be filed until the original motion is ruled upon by the Court, which will take time based upon the volume of cases this Court handles.

### III.
### ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's ninth and tenth motions for summary judgment, filed on June 2, 2020 and June 22, 2020 (ECF Nos. 69, 73) are DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **June 24, 2020**

UNITED STATES MAGISTRATE JUDGE