1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**EASTERN DISTRICT OF CALIFORNIA**

8

RAYMOND ALFORD BRADFORD,   )   Case No.: 1:17-cv-01128-SAB (PC)

9

        Plaintiff,   )

10

   v.   )   ORDER DENYING PLAINTIFF'S MOTION FOR DECLARATORY RELIEF, DENYING REQUEST FOR PRELIMINARY INJUNCTION, DENYING REQUEST FOR JUDICIAL NOTICE, AND DENYING MOTION FOR EVIDENTIARY AND TERMINATING SANCTIONS

11

C. OGBUEHI, et al.   )

12

        Defendants.   )

13

   )   (ECF Nos. 81, 82, 83, 84)

14

   )

15

     Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis*

16

in this civil rights action pursuant to 42 U.S.C. § 1983.  Both parties have consented to Magistrate

17

Judge jurisdiction.  (ECF No. 77.)

18

     Currently before the Court is Plaintiff's motion for declaratory relief, request for preliminary

19

injunction, request for judicial notice, and motion for evidentiary and terminating sanctions, filed

20

September 28, 2020.  (ECF Nos. 81, 82, 83, 84.)

21

**I.**

22

**RELEVANT BACKGROUND**

23

     Plaintiff filed a complaint in this action on August 22, 2017.  (ECF No. 1.)  On October 19,

24

2017, Plaintiff consented to the jurisdiction of the magistrate judge.  (ECF No. 8.)  On January 18,

25

2018, Plaintiff's complaint was screened and found not to state any cognizable claims.  (ECF No. 9.)

26

Plaintiff was granted leave to file an amended complaint within thirty days.  (Id.)

27

///

28

1

Plaintiff did not timely amend his complaint, and on March 2, 2018, an order issued requiring Plaintiff to show cause why this action should not be dismissed for failure to obey a court order and failure to state a claim. (ECF No. 10.) On March 23, 2018, Plaintiff filed a motion for an extension of time to file his amended complaint. (ECF No. 11.) On March 27, 2018, the order to show cause was discharged and Plaintiff was ordered to file an amended complaint within twenty-one days. (ECF No. 12.)

Plaintiff filed a first amended complaint on April 9, 2019. (ECF No. 13.) The complaint was screened on August 29, 2018. (ECF No. 17.) Plaintiff was found to have stated a cognizable claim against Defendants Usher, Rimbach, German, Ulit, Spaeth and Sao for violation of the Eighth Amendment, in their individual capacities. (Id. at 6.) Plaintiff was ordered to either file a second amended complaint or to notify the court that he was willing to proceed on the claims that had been found to be cognizable. (Id. at 7.) On September 19, 2018, Plaintiff filed objections to the screening order. (ECF No. 18.)

On September 21, 2018, findings and recommendations were filed recommending dismissing certain claims and defendants from this action based on Plaintiff's failure to state a claim. (ECF No. 19.) Plaintiff filed objections to the findings and recommendations on October 18, 2018. (ECF No. 20.) On December 4, 2018, District Judge Dale A. Drozd adopted the findings and recommendations. (ECF No. 21.)

On December 5, 2018, findings and recommendations issued recommending revoking Plaintiff's *in forma pauperis* status in this action. (ECF NO. 22.) Plaintiff filed objections to the findings and recommendations and a motion for a preliminary injunction on December 26, 2018. (ECF Nos. 23, 24.) On February 5, 2019, findings and recommendations were filed recommending denying Plaintiff's motion for a preliminary injunction. (ECF No. 25.) On September 12, 2019, Judge Drozd declined to adopt the findings and recommendations recommending revoking Plaintiff's *in forma pauperis* status and denied Plaintiff's motion for a preliminary injunction. (ECF No. 29.)

On September 16, 2019, an order was filed finding service of the complaint appropriate and the United States Marshal was ordered to serve Defendants. (ECF No. 30.) On December 4, 2019, Defendants Usher, Rimbach, German, Ulit, Spaeth, and Sao consented to the jurisdiction of the

magistrate judge and this matter was reassigned to the undersigned for all purposes.  (ECF Nos. 34, 35.)

On December 23, 2019, Defendants filed a motion to dismiss the first amended complaint on the ground that they are entitled to qualified immunity.  (ECF No. 36.)  On this same date, Plaintiff filed a motion for terminating and evidentiary sanctions.  (ECF No. 37.)  Plaintiff filed a motion to amend the complaint and an opposition to the motion to dismiss on January 2, 2020.  (ECF No. 38, 39.)  On January 9, 2020, Defendants filed a reply to Plaintiff's opposition to the motion to dismiss.  (ECF No. 41.)  On January 10, 2020, Defendants filed an opposition to Plaintiff's motion for terminating and evidentiary sanctions.  (ECF No. 42.)  On January 15, 2020, Defendants filed an opposition to Plaintiff's motion to file an amended complaint.  (ECF No. 43.)

On January 21, 2020, Plaintiff filed a motion for summary judgment, a motion to strike Defendants' motion to dismiss, a request for judicial notice, and a motion for a protective order and preliminary injunction.  (ECF Nos. 44-48.)  On January 27, 2020, Plaintiff filed six motions for summary judgment, a request for judicial notice, and a second motion for leave to file a second amended complaint.  (ECF Nos. 49-56.)  On February 20, 2020, orders issued denying Plaintiff's motions for summary judgment as premature and denying without prejudice his two motions for leave to file a second amended complaint.  (ECF Nos. 58, 59.)  Plaintiff was ordered to file a motion for leave to file second amended complaint that included a copy of the proposed amended complaint within thirty days.  (ECF No. 59 at 3.)

On April 7, 2020, an order was filed denying Plaintiff's motion for terminating and evidentiary sanctions and his motion for a protective order and preliminary injunction and restraining order.  (ECF No. 60.)  Plaintiff did not file a timely motion for leave to file a second amended complaint.

On April 15, 2020, the Court denied Defendants' motion to dismiss.  (ECF No. 61.)

On May 5, 2020, Defendants filed an answer to the complaint.  (ECF No. 65.)  On May 12, 2020, the Court issued the discovery and scheduling order.  (ECF No. 66.)

On June 2, 2020, the Court set the case for settlement conference before Magistrate Judge Barbara A. McAuliffe, and stayed the case for 120 days.  (ECF No. 71.)

3

1    The settlement conference was conducted on September 22, 2020, but the parties did not reach

2    a settlement agreement.  (ECF No. 79.)

3    On September 23, 2020, the Court lifted the stay of the proceedings and amended the

4    discovery and scheduling order.  (ECF No. 80.)

5    As previously stated, on September 28, 2020, Plaintiff filed a motion for declaratory relief,

6    request for preliminary injunction, request for judicial notice, and motion for evidentiary and

7    terminating sanctions.  (ECF Nos. 81, 82, 83, 84.)

**II.**

**DISCUSSION**

**A.      Motion for Declaratory Relief**

Plaintiff seeks declaratory judgment pursuant to pursuant to Federal Rule of Civil Procedure

57,  which "governs the procedures for obtaining a declaratory judgment under 28 U.S.C. § 2201."

Fed. R. Civ. P. 57.  Section 2201 provides for the "creation of a remedy" in actions for declaratory

judgment involving cases "of actual controversy" within the court's jurisdiction. 28 U.S.C. § 2201(a).

That provision instructs that, "upon the filing of an appropriate pleading, [the court] may declare the

rights and other legal relations of any interested party seeking such declaration, whether or not further

relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or

decree and shall be reviewable as such." Id.  Rule 57 provides that "[t]he existence of another

adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court

may order a speedy hearing of a declaratory-judgment action." Fed. R. Civ. P. 57.

Declaratory relief is discretionary in nature. Government Employees Ins. Co. v. Dizol, 133

F.3d 1220, 1223 (9th Cir.1998) (en banc) (citation omitted) ("The Act gave the federal courts

competence to make a declaration of rights; it did not impose a duty to do so.").   Rule 57 of the

Federal Rules of Civil Procedure provides in relevant part that "[the existence of another adequate

remedy does not preclude a judgment for declaratory relief *in cases where it is appropriate."* (Italics

added). In exercising its discretion to decide whether to grant declaratory relief, the court must

consider, among other factors, whether a declaratory judgment will serve a useful purpose. See Wilton

v. Seven Falls Co., 515 U.S. 277, 288 (1995).

In this instance, Plaintiff contends that declaratory judgment is warranted because the only actual controversy is the amount of compensatory and punitive damages, and Defendants have failed to engage in discovery.  (ECF No. 81 at 2.)   However, Plaintiff's "Rule 57 Motion" for a declaratory ruling or judgment is clearly premature as the Court just issued the amended discovery and scheduling order on September 23, 2020.  (ECF No. 80.)  Further, to the extent Plaintiff seeks a dispositive rulings on either the facts or the law on issues purportedly raised by declaratory-relief-related issues, those issues have not yet been properly brought before the court or resolved by admission of the Defendants, stipulation of the parties, or a duly noticed motion filed in accordance with the yet to be issued scheduling order.  There is simply no basis to grant Plaintiff's Rule 57 motion for declaratory judgment.  Accordingly, Plaintiff's motion shall be denied.

**B.     Request for Preliminary Injunction**

Plaintiff seeks a preliminary injunction to prevent Defendants from "placing an unduly burden upon [Plaintiff] by moving the court for either for summary judgment or for additional discovery that is unnecessary in order to procrastinate and prevent plaintiff from seeking redress and relief he is entitled too."  (ECF No. 82 at 2-3.)  Plaintiff also seeks a stay of the proceeding pending a ruling on his request for declaratory judgment.[1]  (Id. at 3.)  There is no basis to issue a preliminary injunction in this case.

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

///

---

[1] Because the Court is denying Plaintiff's motion for declaratory judgment, there is no basis to stay the action.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

As stated above, on September 23, 2020, the Court amended the discovery and scheduling order, setting the deadline for completion of all discovery for May 24, 2021.  (ECF No. 80.)  Plaintiff's contention that he has been deprived of the opportunity to conduct discovery is unfounded.  In setting this case for a settlement conference, the Court noted that "[t]he parties shall not engage in formal discovery, but may engage is informal discovery to prepare for the settlement conference."  (ECF No. 71 at 2:16-17.)   On September 23, 2020, the Court reopened formal discovery which allows the parties to propound discovery requests and file any motion to compel on or before May 24, 2021.  (ECF No. 80.)  Therefore, contrary to Plaintiff's contention, he has not been deprived of the opportunity to engage in discovery with Defendants prior to filing of any dispositive motion.  In addition, Plaintiff is advised that the parties are free to engage in settlement negotiations among themselves without court intervention.  Accordingly, Plaintiff's motion for a preliminary injunction shall be denied.

## C.    Request for Judicial Notice

Plaintiff seeks judicial notice of the following documents: (1) Defendants' answer to the complaint; (2) the civil docket sheet; (3) order referring the case for settlement conference; and (4) order denying Defendants' motion to dismiss.  (ECF No. 83.)

Rule 201(d) of the Federal Rules of Evidence governs judicial notice. The content of records and reports of administrative bodies are proper subjects for judicial notice under Rule 201(d). Interstate Natural Gas Co. v. S. Cal. Gas Co., 209 F.2d 380, 385 (9th Cir.1953). A court may also take judicial notice of the contents of public records. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  However, "[c]ourts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute." United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003) (citing Fed. R. Evid. 201(b)). "Facts are indisputable, and thus subject to judicial notice, only if they either 'generally

1  known'...or capable of accurate and ready determination by resort to sources whose accuracy cannot
2  be questioned[.]" Id. at 909.

3      Plaintiff's request for judicial notice of court orders and filings placed on the court's docket in
4  this case is unnecessary and shall be denied.

5      **D.      Motion for Evidentiary, Monetary, and Terminating Sanctions**

6      Plaintiff seeks evidentiary, monetary, and terminating sanctions under Federal Rule of Civil
7  Procedure 37.

8      Rule 37 of the Federal Rules of Civil Procedures provides for sanctions for the failure to make
9  discovery disclosures or to cooperate in discovery. Upon finding a violation of the discovery rules, a
10  court may "bar the disobedient party from introducing certain evidence, or it may direct that certain
11  facts shall be 'taken to be established for the purposes of the action....'" Roadway Exp., Inc. v. Piper,
12  447 U.S. 752, 763 (1980).  Rule 37 also permits the court to issue sanctions such as striking claims
13  from the pleadings or to dismiss the action or issue a judgment by default against the disobedient
14  party. Roadway Exp., Inc., 447 U.S. at 763.

15      Plaintiff contends that Defendants deliberately failed to opt-out of the settlement negotiations
16  in good faith, and failed to provide Plaintiff with any informal discovery as requested.  Although the
17  Court's June 2, 2020 order allowed the parties to engage in informal discovery relating only to
18  settlement negotiations, Plaintiff has failed to demonstrate that any Defendant intentionally failed to
19  cooperate in discovery or failed to make discovery disclosures in this action necessary for good faith
20  settlement negotiations.  Indeed, the Court's June 2, 2020 order specifically stated, "[i]n issuing this
21  order, there is a presumption that this case will proceed to a settlement conference.  However, if after
22  investigating Plaintiff's claims and speaking with Plaintiff, and after conferring with others, defense
23  counsel in good faith finds that a settlement conference would be a waste of resources, defense counsel
24  may move to opt out of this early settlement conference. A written notice to opt out must be filed within 30
25  days of the date of the issuance of this order."  (ECF No. 71 at 2:1-5.) (footnote omitted).  Therefore, the
26  fact that Defendants did not opt out of the settlement conference demonstrates that they believed there was
27  a good faith chance for settlement.  Further, the Court just reopened formal discovery on September 23,

28

2020.  Accordingly, the Court finds no basis for evidentiary, monetary, and/or terminating sanctions to issue under Rule 37.

### III.

### CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's motion for declaratory judgment is denied;

2.      Plaintiff's motion for preliminary injunction is denied;

3.      Plaintiff's request for judicial notice is denied; and

4.      Plaintiff's motion for sanctions is denied.

IT IS SO ORDERED.

Dated:   __September 30, 2020__

UNITED STATES MAGISTRATE JUDGE