UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>    Plaintiff,<br><br>v.<br><br>C. OGBUEHI, et al.<br><br>    Defendants. | Case No.: 1:17-cv-01128-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S OCTOBER 1, 2020 ORDER<br><br>(ECF No. 86) |

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for reconsideration of the Court's October 1, 2020 order, filed October 15, 2020.

On October 1, 2020, the Court denied Plaintiff's motion for declaratory relief, denying his request for preliminary injunction, denying his request for judicial notice, and denying motion for evidentiary and terminating sanctions. (ECF No. 85.)

**I.**

**DISCUSSION**

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). Further, " '[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation…'" of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.

1

Cal. 2001) (quoting <u>Bermingham v. Sony Corp. of Am., Inc.</u>, 820 F.Supp. 834, 856 (D N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion[.]"

In denying Plaintiff's requests, the Court stated, in pertinent part, the following:

> In this instance, Plaintiff contends that declaratory judgment is warranted because the only actual controversy is the amount of compensatory and punitive damages, and Defendants have failed to engage in discovery. (ECF No. 81 at 2.)   However, Plaintiff's "Rule 57 Motion" for a declaratory ruling or judgment is clearly premature as the Court just issued the amended discovery and scheduling order on September 23, 2020. (ECF No. 80.)  Further, to the extent Plaintiff seeks a dispositive rulings on either the facts or the law on issues purportedly raised by declaratory-relief-related issues, those issues have not yet been properly brought before the court or resolved by admission of the Defendants, stipulation of the parties, or a duly noticed motion filed in accordance with the yet to be issued scheduling order.  There is simply no basis to grant Plaintiff's Rule 57 motion for declaratory judgment.  Accordingly, Plaintiff's motion shall be denied.

(Order at 5:1-10, ECF No. 85.)  Plaintiff fails to present facts or law to warrant reconsideration of the prior order denying his requests for declaratory relief, preliminary injunction, judicial notice and sanctions.  Rather, Plaintiff merely presents the same arguments previously considered and rejected by the Court.  Plaintiff's disagreement with the Court's October 1, 2020 order does not provide a basis for reconsideration.  Accordingly, Plaintiff's motion for reconsideration shall be denied.

## II.
## ORDER

Based on the foregoing, Plaintiff's motion for reconsideration of the Court's October 1, 2020, 2019, order is DENIED.

IT IS SO ORDERED.

Dated:  **October 19, 2020**

UNITED STATES MAGISTRATE JUDGE