UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>    Plaintiff,<br><br>v.<br><br>C. OGBUEHI, et al.<br><br>    Defendants. | Case No.: 1:17-cv-01128-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR EMERGENCY RELIEF<br><br>(ECF No. 87) |

    Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

    Currently before the Court is Plaintiff's second motion for emergency relief, filed on October 15, 2020.

**I.**

**DISCUSSION**

    The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

///

1

1          "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

           Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

           In his present motion, Plaintiff contends that he has tested positive for Valley Fever and is under imminent danger of irreparable harm.

           This action is proceeding on Plaintiff's claim against defendants Usher, Rimbach, German, Ulit, Spaeth, and Sao for violation of the Eighth Amendment, based on Plaintiff's allegations related to Valley Fever while housed at Kern Valley State Prison. (ECF No. 21.) The pendency of this case does not provide Plaintiff with standing to seek relief directed at remedying his current conditions of confinement, which are occurring at a different prison and which involve different prison employees. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009) (citation omitted); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff is not entitled to any relief that is not narrowly drawn to correct the violation of his rights at issue in this action. The constitutional and statutory requirements applicable to equitable relief preclude Plaintiff from entitlement to generalized relief such an order directing that prison officials allow Plaintiff to receive his legal property. The equitable relief requested herein is not sufficiently related to Plaintiff's underlying legal claims to satisfy the jurisdictional requirements that apply to

federal courts.  Moreover, Plaintiff may not seek injunctive relief against an individual who is not a party to the instant action.  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*."  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Here, the Court does not have jurisdiction over any parties at Salina Valley State Prison, where Plaintiff is currently housed.  Furthermore even if the Court did not have jurisdiction over those individuals, Plaintiff has failed to establish the imminent irreparable harm required to support a preliminary injunction.  Indeed, the medical document attached to Plaintiff's motion specifically states that a chronic care appointment has been scheduled for Plaintiff.  (ECF No. 87 at 3.)  Plaintiff has failed to establish that there is a threat of future or repeated injury that is both "real and immediate," not just "conjectural" or "hypothetical."  City of Los Angeles v. Lyons, 461 U.S. at 102.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's second motion for emergency relief is denied.

IT IS SO ORDERED.

Dated: **October 19, 2020**

UNITED STATES MAGISTRATE JUDGE