UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>    Plaintiff,<br><br> v.<br><br>C. OGBUEHI, et al.<br><br>    Defendants. | Case No.: 1:17-cv-01128-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DEFER RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' OPPOSITION<br><br>(ECF Nos. 91, 94) |

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 77.)

Currently before the Court is Plaintiff's motion Defendants' motion for summary judgment for failure to exhaust the administrative remedies under Federal Rule of Civil Procedure 56(d), filed January 11, 2021. (ECF No. 91.)

## I.

## RELEVANT HISTORY

This action is proceeding on Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Usher, Rimbach, German, Ulit, Spaeth, and Sao related to Plaintiff's exposure to and treatment for Valley Fever.

On May 5, 2020, Defendants filed an answer to the operative complaint. (ECF No. 65.)

On May 12, 2020, the Court issued the discovery and scheduling order, allowing the parties to engage in discovery. (ECF No. 66.) On June 2, 2020, the Court stayed the action and set a settlement conference. (ECF No. 71.) The case did not settle and the stay was lifted on September 23, 2020.

1

(ECF No. 80.)  In that order, the Court also set new deadlines related to the completion of discovery and the filing of dispositive motions.  (Id.)

On December 22, 2020, Defendants Usher and Rimbach filed a motion for summary judgment based on Plaintiff's failure to exhaust the administrative remedies.  (ECF No. 90.)

On January 11, 2021, Plaintiff filed a motion under Rule 56(d), seeking to defer the consideration of the motion for summary judgment  (ECF Nos. 91, 92.)

Defendants filed an opposition on January 13, 2021.  (ECF No. 93.)

On January 26, 2021, Plaintiff filed a motion to strike Defendants' opposition.  (ECF No. 94.)

## II.

## DISCUSSION

### A.     Motion to Strike Defendants' Opposition

Rule 12(f) provides that "the court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike pursuant to Rule 12(f) are generally regarded with disfavor and the remedy is to be used only "when necessary to discourage parties from raising allegations completely unrelated to the relevant claims and when the interests of justice so require."  Sapiro v. Encompass Ins., 221 F.R.D. 513, 517 (N.D. Cal. 2004).

Here, Plaintiff contends that Defendants' opposition to his Rule 56(d) motion is "redundant, baseless, immaterial, scandalous, impertinent and most importantly fraudulent," but as addressed above, the Court has considered and found no merit in Plaintiff's motion.  Plaintiff fails to provide a valid basis for finding that Defendants' opposition should be stricken under Rule 12(f), and Plaintiff's motion must be denied.

### B.     Motion to Defer Ruling Under Rule 56(d)

Federal Rule of Civil Procedure 56(d) permits a party opposing a motion for summary judgment to request an order deferring the time to respond to the motion and permitting that party to conduct additional discovery upon an adequate factual showing. Rule 56(d) provides that the party must "show[ ] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). "A party requesting a continuance pursuant to [Rule 56(d) ] must identify by affidavit the specific facts that further discovery would reveal, and explain

1 | why those facts would preclude summary judgment." Tatum v. City & Cty. of San Francisco, 441
2 | F.3d 1090, 1100 (9th Cir. 2006) (citations omitted).

3 | "Though the conduct of discovery is generally left to a district court's discretion, summary
4 | judgment is disfavored where relevant evidence remains to be discovered, particularly in cases
5 | involving confined *pro se* plaintiffs." Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988). Thus,
6 | summary judgment in the face of requests for additional discovery is appropriate only where such
7 | discovery would be "fruitless" with respect to the proof of a viable claim. Jones v. Blanas, 393 F.3d
8 | 918, 930 (9th Cir. 2004). "The burden is on the nonmoving party, however, to show what material
9 | facts would be discovered that would preclude summary judgment." Klingele, 849 F.2d at 412; see
10 | also Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995) ("The burden is on the party seeking to conduct
11 | additional discovery to put forth sufficient facts to show that the evidence sought exists."). Moreover,
12 | " '[t]he district court does not abuse its discretion by denying further discovery if the movant has
13 | failed diligently to pursue discovery in the past.' " Conkle, 73 F.3d at 914 (quoting California Union
14 | Ins. Co. v. American Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990)).

15 | Plaintiff fails to make the showing required under Rule 56(d). Plaintiff fails to clearly identify
16 | what specific evidence or facts that would defeat Defendants' exhaustion related motion for summary
17 | judgment. Plaintiff references a pending emergency appeal; however, it is unlikely that the pending
18 | appeal can defeat Defendants' motion as exhaustion of the administrative remedies must be exhausted
19 | prior to filing the action. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d
20 | 1198, 1199-1201 (9th Cir. 2002). Moreover, there appears to be no reason why Plaintiff cannot
21 | present his argument regarding the pending appeal and apparent relevancy in filing an opposition to
22 | Defendants' motion. In addition, discovery in this action reopened on September 23, 2020, and
23 | Plaintiff has failed to demonstrate that he previously requested information necessary to Defendants'
24 | motion and was unable to obtain it. In sum, Plaintiff has failed to demonstrate that he has been
25 | "railroaded" by Defendants' exhaustion related motion for summary judgment to warrant deferring a
26 | ruling on the motion. Accordingly, Plaintiff's motion to defer ruling on Defendants' motion for
27 | summary judgment must be denied. However, the Court will grant Plaintiff an extension of time in
28 |

which to file an opposition or statement of non-opposition to Defendants' summary judgment motion in light of this ruling.

### III.
### ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Rule 56(d) motion to defer ruling on Defendants' motion for summary judgment is denied;
2. Plaintiff's motion to strike Defendants' opposition is denied; and
3. Plaintiff is granted thirty (30) days from the date of service of this order to file an opposition or statement of non-opposition to Defendants' motion for summary judgment.

IT IS SO ORDERED.

Dated: __February 4, 2021__

UNITED STATES MAGISTRATE JUDGE