**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. OGBUEHI, et al.<br><br>　　　　Defendants. | Case No.: 1:17-cv-01128-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS USHER AND RIMBACH'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST THE ADMINSTRATIVE REMEDIES, AND OVERRULING OBJECTIONS TO THE COURT'S FEBRUARY 4, 2021 ORDER<br><br>(ECF Nos. 90, 98) |

　　Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 35.)

　　Currently before the Court is Defendants' motion for summary judgment for failure to exhaust the administrative remedies, filed December 22, 2020.

**I.**

**RELEVANT BACKGROUND**

　　This action is proceeding on Plaintiff's claim against Defendants Usher, Rimbach, German, Ulit, Spaeth, and Sao for violation of the Eighth Amendment based on Plaintiff's allegations related to Valley Fever. (ECF No. 21 at 3.)

　　On February 20, 2020, the Court denied the previous eight motions for summary judgment filed by Plaintiff. (ECF No. 58.)

　　On May 5, 2020, Defendants filed an answer to the complaint. (ECF No. 65.)

1

On May 12, 2020, the Court issued the discovery and scheduling order.  (ECF No. 64.)

On June 2, 2020, the Court set this case for a settlement conference before Magistrate Judge Barbara A. McAuliffe on September 22, 2020, at 9:30 a.m., and stayed the case.  (ECF No. 71.)

After the case did not settle, the Court issued an amended discovery and scheduling order on September 23, 2020.

Defendants Usher and Rimbach filed the instant motion for summary judgment for failure to exhaust the administrative remedies on December 22, 2020.  Plaintiff filed an opposition on February 24, 2021, and Defendants filed a reply on March 1, 2021.

## II.

## LEGAL STANDARD

### A. Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is mandatory unless unavailable.  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Section 1997e(a) also requires "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" Woodford v. Ngo, 548 U.S. 81, 90 (2006) (citation omitted).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effective without imposing some orderly structure on the course of its proceedings." Id. at 90-91.  "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007).  "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the

1  grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth
2  v. Churner, 532 U.S. 731, 739 (2001)).
3        The failure to exhaust is an affirmative defense, and the defendant or defendants bear the
4  burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. at 216; Albino v.
5  Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear on the
6  face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at
7  1166. Otherwise, the defendant or defendants must produce evidence proving the failure to exhaust,
8  and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in
9  the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. Id.

10      **B.**    **Summary Judgment Standard**

11        Any party may move for summary judgment, and the Court shall grant summary judgment if
12  the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to
13  judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at
14  c1166; Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position,
15  whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of
16  materials in the record, including but not limited to depositions, documents, declarations, or discovery;
17  or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or
18  that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P.
19  56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to
20  by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. S.F. Unified
21  Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d
22  1011, 1017 (9th Cir. 2010). "The evidence must be viewed in the light most favorable to the
23  nonmoving party." Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2014).
24        Initially, "the defendant's burden is to prove that there was an available administrative remedy,
25  and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. If the
26  defendant meets that burden, the burden of production then shifts to the plaintiff to "come forward
27  with evidence showing that there is something in his particular case that made the existing and
28  generally available administrative remedies effectively unavailable to him." Id. However, the

3

ultimate burden of proof on the issue of administrative exhaustion remains with the defendant. Id. "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

## III.

## DISCUSSION

### A.    Summary of CDCR's Administrative Appeal Process[1]

A prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") satisfies the administrative exhaustion requirement for a non-medical appeal or grievance by following the procedures set forth in California Code of Regulations, title 15, §§ 3084-3084.9.

California Code of Regulations, title 15, § 3084.1(a) provides that "[a]ny inmate … under [CDCR's] jurisdiction may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate … can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." An inmate is required to use a CDCR Form 602 to "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, § 3084.2(a). An inmate is limited to one issue, or related set of issues, per each CDCR Form 602 and the inmate "shall state all facts known and available to [them] regarding the issue being appealed at the time of submitting" the CDCR Form 602. Cal. Code Regs. tit. 15, § 3084.2(a)(1) & (a)(4). Further, the inmate "shall list all staff member(s) involved and … describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(a)(3). If known, the inmate must include the staff member's last name, first initial, title or position, and the dates of the staff member's involvement in the issue being appealed. Id. If the inmate does not know the staff member's identifying information, the inmate is required to "provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." Id.

---

[1] On March 25, 2020, the grievance procedure outlined in § 3084.1, *et seq.*, was repealed effective June 1, 2020, as an emergency by the CDCR pursuant to Penal Code § 5058.3. See CCR, tit. 15, § 3084.1, ¶ 13 (June 26, 2020). However, the parties do not dispute that the events alleged in the complaint took place before the repeal took effect.

4

Unless the inmate grievance falls within one of the exceptions stated in California Code of Regulations, title 15, §§ 3084.7(b)(1)-(2) and 3084.9, all inmate grievances are subject to a three-step administrative review process: (1) the first level of review; (2) the second level appeal to the Warden of the prison or their designee; and (3) the third level appeal to the Secretary of CDCR, which is conducted by the Secretary's designated representative under the supervision of the third level Appeals Chief. Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(a)-(d). Unless the inmate grievance deals with allegations of sexual violence or staff sexual misconduct, an inmate must submit the CDCR Form 602 and all supporting documentation to each the three levels of review within 30 calendar days of the occurrence of the event or decision being appealed, of the inmate first discovering the action or decision being appealed, or of the inmate receiving an unsatisfactory departmental response to a submitted administrative appeal. Cal. Code Regs. tit. 15, §§ 3084.2(b)-(e), 3084.3, 3084.6(a)(2), 3084.8(b). When an inmate submits an administrative appeal at any of the three levels of review, the reviewer is required to reject the appeal, cancel the appeal, or issue a decision on the merits of the appeal within the applicable time limits. Cal. Code Regs. tit. 15, §§ 3084.6(a)-(c), 3084.8(c)-(e). If an inmate's administrative appeal is rejected, the inmate is to be provided clear instructions about how to cure the appeal's defects. Cal. Code Regs. tit. 15, §§ 3084.5(b)(3), 3084.6(a)(1). If an inmate's administrative appeal is cancelled, the inmate can separately appeal the cancellation decision. Cal. Code Regs. tit. 15, § 3084.6(a)(3) & (e).

### B. Summary of Relevant Factual Allegations of Plaintiff's Complaint

Plaintiff arrived at Kern Valley State Prison (KVSP) around March 5, 2015 and was labeled "high risk" medical and had a medical chrono which noted that Plaintiff was cocci area two ineligible. Defendants Usher and Rimbach had access to Plaintiff's C file and were aware of his medical chrono. Around September 6, 2015, Plaintiff complained to Defendant German that he had flu like symptoms, chest pain and weight loss. Plaintiff was denied treatment and it was not until November 16, 2015 that Plaintiff was taken to an outside hospital and diagnosed with Valley Fever and pneumonia.

Plaintiff's inmate appeals for an N-95 mask, pain medication, soil stabilization, cleaning of vents, and a medical transfer out of the Central Valley were denied. Plaintiff contends that the defendants knowing failed to protect him from the risk of contracting Valley Fever while knowing that

he was high risk inmate.

### C. Statement of Undisputed Facts[2]

1. Plaintiff is, and was at all times relevant to this action, a prisoner incarcerated within the California Department of Corrections and Rehabilitation (CDCR). (Compl. at 1; First. Am. Compl. at 13.)

2. Plaintiff was, at all times relevant to this action, an inmate at Kern Valley State Prison. (Id.)

3. While at KVSP, Plaintiff submitted only two non-health care appeals/grievances that relate to valley fever (coccidioidomycosis), any cocci restriction, a request to transfer from KVSP, and/or that identify Defendants Usher or Rimbach: KVSP-O-16-02915 and KVSP-O-17-00803. (Declaration of A. Leyva (Leyva Decl.) ¶¶ 7-9; IATS Log. Ex. A to Leyva Decl.)

4. By way of the appeal/grievance with Log No. KVSP-O-16-02915, Plaintiff requested a medical transfer out of the Central Valley due to valley fever. Plaintiff does not name Usher or Rimbach in this appeal/grievance, and does not assert in the appeal/grievance that either did anything that resulted in his exposure to valley fever at KVSP. (Leyva Decl. ¶ 10 & Ex. B.)

5. By way of the appeal/grievance with Log No. KSVP-O-17-00803, Plaintiff was requesting whether he was Cocci Area 1 or 2 restricted. Plaintiff also requested vent cleaning and soil stabilization. Although Plaintiff asserts that he had given a Form 22 to Usher asking whether he was Cocci Area 1 or 2 restricted, but that she had not yet responded, he does not assert that Usher did anything that resulted in his exposure to valley fever at KVSP. The appeal/grievance with Log No. KVSP-O-17-00803 does not mention or otherwise identify Rimbach. (Leyva Decl. ¶ 11 & Ex. C.)

6. Plaintiff did not obtain a decision at the third and final level of review for either KVSP-O-16-02915 or KVSP-O-17-00803, or any other non-health care appeal/grievance that he might have submitted arising out of KVSP. (Declaration of H. Moseley (Moseley Decl.) ¶¶ 6-7 & Ex. A.)

7. While at KVSP, Plaintiff submitted only five health care appeals/grievances that relate to valley fever (coccidioidomycosis), any cocci restriction, a request to transfer from KVSP, and/or

---

[2] Hereinafter referred to as "UDF."

6

that identify Defendants Usher and Rimbach: KVSP HC 16037589, KVSP HC 16037697, KVSP HC 16037685, KVSP HC 16037970, and KVSP HC 17038037.  (Declaration of K. Martin (Martin Decl.) ¶¶ 8-10 & Ex. A.)

8. Of these appeals/grievances, only KVSP HC 17038037 even mentions Usher and Rimbach.  Plaintiff states that his doctor told him he was Cocci Area 2 restricted, but that his counselor, Usher, had told him he was Cocci Area 1 restricted, and he wanted to know which was correct.   (Martin Decl. ¶¶ 11-15 & Exs. B-F.)

9. Plaintiff does not allege in appeal/grievance KVSP HC 16037589, KVSP HC 16037697, KVSP HC 16037685, KVSP HC 16037970, or KVSP HC 17038037 that either Usher or Rimbach had done anything that resulted in his exposure to valley fever at KVSP or otherwise caused him harm.  (Martin Decl. ¶¶11-15 & Exs. B-F.)

**D.   Analysis of Defendants' Motion**

Defendants Usher and Rimbach argue that they are entitled to judgment as a matter of law because Plaintiff failed to properly exhaust administrative remedies related to his claims against them as required by the Prison Litigation Reform Act.

In opposition, Plaintiff argues that appeal/grievances KVSP HC 16037589, KVSP HC 16037685, and KVSP HC 1703803, exhaust his claims against Defendants Usher and Rimbach.

As stated in the Court's screening order, Plaintiff contends that Defendants Usher and Rimbach had access to his C-file indicating that he is a high medical risk and Cocci Area 2 ineligible (i.e., they knew about his Cocci Area 2 ineligibility), yet subjected him to cocci exposure at Kern Valley State Prison. (ECF No. 19, 4:23-28.)

It is undisputed that while at KVSP, Plaintiff submitted only two non-health care appeals/grievances that relate to valley fever, any cocci restriction, a request to transfer from KVSP, and/or that identify Defendants Usher or Rimbach: KVSP-O-16-02915 and KVSP-O-17-00803.  (UDF 3.)  In appeal/grievance Log No. KVSP-O-16-02915, Plaintiff requested a medical transfer out of the Central Valley due to valley fever.  Plaintiff did not name Usher or Rimbach in this appeal/grievance, and does not attest that either did anything that resulted in his exposure to valley fever at KVSP.  (UDF 4.)  In appeal/grievance Log No. KVSP-O-17-00803, Plaintiff was requesting whether he was Cocci Area 1 or 2

7

restricted. (UDF 5.) Although Plaintiff asserted that he had given a Form 22 to Usher seven days prior asking whether he was Cocci Area 1 or 2 restricted, but that she had not yet responded, there are no allegations that Usher did anything that resulted in his exposure to valley fever at KVSP, or otherwise engaged in any act or omission that caused Plaintiff harm. (UDF 5.) In addition, this appeal does not mention or otherwise identify Defendant Rimbach. (Id.) Moreover, Plaintiff did not obtain a decision at the third and final level of review for either KVSP-O-16-02915 or KVSP-O-17-00803, or any other non-health care appeal/grievance that he might have submitted while at KVSP. (UDF 6.)

It is further undisputed that while at KVSP, Plaintiff submitted only five health care appeals/grievances that relate to valley fever, any cocci restriction, a request to transfer from KVSP, and/or that identify Defendants Usher or Rimbach: KVSP HC 16037589, KVSP HC 16037697, KVSP HC 16037685, KVSP HC 16037970, and KVSP HC 17038037. (UDF 7.) Only Log No. KVSP HC 17038037 mentions Usher or Rimbach in that Plaintiff alleged his doctor told him he was Cocci Area 2 restricted, but that his counselor Usher, had told him he was Cocci Area 1 restricted, and he wanted to known which was correct. (UDF 8.) Plaintiff does not allege in appeal/grievance KVSP HC 16037589, KVSP HC 16037697, KVSP HC 16037685, KVSP HC 16037970, and KVSP HC 17038037 that either Defendants Usher or Rimbach had done anything that resulted in his exposure to valley fever at KVSP or otherwise caused him harm. (UDF 9.)

In appeal/grievance Log No. KVSP HC 16037589, Plaintiff contended that he had valley fever and requested a medical transfer out of the Central Valley. This grievance does not name Usher or Rimach or allege either of them transferred him to KVSP or did anything that resulted in his exposure to valley fever. (citation.) In appeal/grievance Log No. KVSP HC 16037685, Plaintiff claimed that he was not receiving adequate medical treatment for his valley fever. However, Plaintiff did not name Usher or Rimbach (neither of whom are medical providers), nor allege that they did anything that resulted in his exposure to valley fever. (citation.)

Although appeal/grievance Log No. KVSP HC 17038037 mentions Defendant Usher, Plaintiff alleged only that his doctor told he was Cocci Area 2 restricted, but his counselor, Usher, told him he was Cocci Area 1 restricted. Plaintiff simply requested to be informed which was correct. Plaintiff did not allege that Defendant Usher (or Rimbach) failed to protect him from exposure to valley fever, or otherwise engaged in any act or omission that caused him harm. Under the PLRA, a grievance 'suffices if it alerts

8

1 the prison to the nature of the wrong for which redress is sought.' " Reyes v. Smith, 810 F.3d 654, 659 (9th Cir. 2016) (quoting Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010)). "A grievance ... need not contain every fact necessary to prove each element of an eventual legal claim." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). "The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Id. Plaintiff did not put prison officials on notice that he believed either Defendant Usher or Rimbach were involved in his exposure to valley fever. See McCollum v. California Dep't of Corr. & Rehab., 647 F.3d 870, 876 (9th Cir. 2011) (although administrative appeals mentioned in passing that the prison lacked a Wiccan chaplain, they did not exhaust claim because they "do not provide notice that the source of the perceived problem is the absence of a paid Wiccan chaplaincy"); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009) (administrative appeal demanding better access to top bunk did not alert prison officials that officers had disregarded assignment to lower bunk); Brown v. Johnson, 537 F. App'x 705, 707 (9th Cir. 2013) (where administrative appeals "focused entirely on [plaintiff's] medical and housing complaints," and only in passing mentioned that plaintiff was allowed out of his cell without an escort, "that statement was simply a description of the events leading up to [plaintiff's] fall down the stairs; it was not a complaint about being let out of his cell...without an escort"). The nature of this appeal would only provide notice to a reasonable prison official that Plaintiff requested to know if he was Cocci Area 1 or 2 restricted. This grievance would not have served to notify the prison that Defendants Usher or Rimbach intentionally exposed Plaintiff to valley fever or did nothing to prevent his exposure to valley fever resulting in harm to Plaintiff. Accordingly, the instant motion for summary judgment shall be granted, and the claims against Defendants Usher and Rimbach will be dismissed, without prejudice.

## IV.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' instant motion for summary judgment is granted;
2. The claims against Defendants Usher and Rimbach are dismissed from the action, without prejudice, for failure to exhaust the administrative remedies; and

3. Plaintiff's objection to the Court's February 4, 2021, order denying his request to postpone ruling on the instant motion is overruled. (ECF No. 98.) For the reasons explained above, Plaintiff has failed to exhaust his claims against Defendants Usher and Rimbach and there is no showing that material discovery exists which would defeat the instant motion. Accordingly, Plaintiff's objection to the Court's February 4, 2021, denying his request to defer ruling on the instant motion is overruled.

IT IS SO ORDERED.

Dated:   **March 17, 2021**

UNITED STATES MAGISTRATE JUDGE