UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>  Plaintiff,<br><br>  v.<br><br>C. OGBUEHI, et al.<br><br>  Defendants. | Case No.: 1:17-cv-01128-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER TO STAY DEPOSITION, AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(ECF No. 106) |

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 35.)

Currently before the Court is Plaintiff's motion for a protective order, motion to stay his deposition, and motion for a temporary restraining order, filed April 26, 2021.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's claim against Defendants German, Ulit, Spaeth, and Sao for violation of the Eighth Amendment based on Plaintiff's allegations related to Valley Fever. (ECF No. 21 at 3.)

On February 20, 2020, the Court denied the previous eight motions for summary judgment filed by Plaintiff. (ECF No. 58.)

On May 5, 2020, Defendants filed an answer to the complaint. (ECF No. 65.)

On May 12, 2020, the Court issued the discovery and scheduling order. (ECF No. 64.)

1

On June 2, 2020, the Court set this case for a settlement conference before Magistrate Judge Barbara A. McAuliffe on September 22, 2020, at 9:30 a.m., and stayed the case. (ECF No. 71.)

After the case did not settle, the Court issued an amended discovery and scheduling order on September 23, 2020.

On December 22, 2020, Defendants Usher and Rimbach filed a motion for summary judgment for failure to exhaust the administrative remedies. Plaintiff filed an opposition on February 24, 2021, and Defendants filed a reply on March 1, 2021.

On March 17, 2021, the undersigned granted Defendants Usher and Rimbach's motion for summary judgment, and the claims against them were dismissed, without prejudice, for failure to exhaust the administrative remedies. (ECF No. 101.)

## II.

## DISCUSSION

### A.  Motion for Protective Order to Stay Deposition

The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue). Options available to the court include, among other things, forbidding the disclosure or discovery, forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters. Id.

District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211–12 (9th Cir. 2002) (finding that the law gives district courts broad latitude to grant protective orders to prevent

1  disclosure of materials for many types of information). The party seeking to limit discovery has the
2  burden of proving "good cause," which requires a showing "that specific prejudice or harm will result"
3  if the protective order is not granted. In re Roman Catholic Archbishop of Portland, 661 F.3d 417, 424
4  (9th Cir. 2011) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003));
5  Westmoreland v. Regents of the Univ. of Cal., No. 2:17-cv-01922-TLN-AC, 2019 WL 932220, at *3
6  (E.D. Cal. Feb. 26, 2019).

7        Depositions are governed by Federal Rule of Civil Procedure 30, which states in pertinent part
8  that "[a] party may, by oral questions, depose any person, including a party, without leave of court...."[1]
9  Fed. R. Civ. P. 30(a)(1). Deposition questions may relate to "any nonprivileged matter that is relevant
10 to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). A witness is required to answer as to matters
11 within his or her own knowledge. A failure to participate in discovery is in violation of Fed. R. Civ. P.
12 30 and 37. Under Rule 30(d)(2), the court may impose sanctions for impeding, delaying, or frustrating
13 the fair examination of the deponent.

14       Plaintiff states that on April 13, 2021, he received Defendants' notice of deposition via video
15 conference to take place on May 10, 2021, at 9:00 a.m. Plaintiff seeks a protective order because he
16 has safety concerns and fear of continuous retaliation by prison officials. Plaintiff's speculative fear of
17 retaliation, without more, does not relieve him of the obligation to participate in his deposition as
18 required by the Federal Rules of Civil Procedure. Indeed, Plaintiff references incidents which took
19 place at different facilities and by individuals who are not Defendants in this action. Further,
20 Plaintiff's vague claim that he does not have access to his legal property, alone, does not relieve him
21 of his obligation to participate in his deposition. Plaintiff fails to set forth what and why access to his
22 legal property is necessary to participate in his deposition. Thus, the Court finds that Plaintiff's
23 allegation that he cannot participate in a deposition because he does not have access to all the
24 documents he needs is not sufficient to show that he should not be compelled to attend a deposition.
25 See Smith v. Chanelo, No. 1:18-cv-1356 NONE BAM (PC), 2020 WL 1288402 at *5 (E.D. Cal. Ma.
26 18, 2020) (stating that plaintiff must still attend a properly noticed deposition even if through no fault
27 of his own he does not have his legal papers). In addition, Plaintiff provides no reason why his
28 deposition should be stayed until Defendants have responded to his purported discovery requests.

Plaintiff brought this civil action and Defendants are clearly entitled to take his deposition. It appears that Plaintiff is simply unreasonably refusing to cooperate in that regard. There is no indication in the instant motion that a lack of legal documentation or preparation will prevent Plaintiff from being deposed. Plaintiff is informed that he is required to appear at a properly noticed deposition and respond to questions by Defendants' counsel. In answering questions, Plaintiff is not required to speculate or guess, although he may be asked to give an estimate of matters where estimates are commonly made (e.g., distance, size, weight, etc.). Plaintiff may review documents or other evidence available at the deposition for the purpose of refreshing his memory. If Plaintiff does not have his legal papers, through no fault of his own, he is informed he must still appear for a properly noticed deposition. Plaintiff is advised that if he fails to cooperate with discovery, this action may be subject to terminating sanctions due to plaintiff's failure to obey a court order and failure to cooperate in discovery. See Fed. R. Civ. P. 37(b)(2)(a)(v). Accordingly, Plaintiff's motion for a protective order to stay the taking of his deposition shall be denied.

### B. Motion for Temporary Restraining Order

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 439 (1974). "The standards for granting a temporary restraining order and a preliminary injunction are identical." Haw. County Green Party v. Clinton, 980 F. Supp. 1160, 1164 (D. Haw. 1997); cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order).

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143

(9th Cir. 1964). To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another— survives Winter and continues to be valid. Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." Id. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff seeks a temporary restraining order to place a medical hold so that he will remain housed in the crisis unit until discovery issues and the deposition conference is complete.  Plaintiff fails to meet the standard for injunctive relief.  This action proceeds on claims which took place at Kern Valley State Prison. Plaintiff is currently housed at the California Health Care Facility (and previously housed at Salinas Valley State Prison), and his current request involves neither Kern Valley State Prison nor the named defendants.  Because Plaintiff's motion addresses conduct that is not a subject of this civil action, it does not demonstrate either a likelihood of success or a serious question going to the merits of his complaint.  Also significant is that Plaintiff fails to show that he will suffer imminent and irreparable harm in the absence of the requested relief.  Indeed, Plaintiff has provided no evidence that any alleged transfer is imminent, his contentions of potential future injury are no more than speculative and are therefore insufficient to demonstrate a risk of immediate and irreparable injury. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." (citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984))).  Further,

Convicted prisoners have no reasonable expectation that they will remain in any particular facility, and prison officials have broad authority to transfer prisoners from one facility to another. Meachum v. Fano, 427 U.S. 215, 225, 228 (1976). "An inmate's liberty interests are sufficiently extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another." Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (citing Meachum, 427 U.S. at 224–25; Olim v. Wakinekona, 461 U.S. 238, 245 (1982)).  Thus, the possibility of transfer alone is not sufficient to demonstrate an irreparable harm.  Accordingly, Plaintiff's motion for a temporary restraining order shall be denied.

### III.
### CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for a protective order to stay his deposition is denied; and
2. Plaintiff's motion for a temporary restraining order is denied.

IT IS SO ORDERED.

Dated: __April 27, 2021__

UNITED STATES MAGISTRATE JUDGE