**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. OGBUEHI, et al.<br><br>　　　　Defendants. | Case No.: 1:17-cv-01128-SAB (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER, DENYING MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 27, 2021 ORDER, AND DENYING THIRD REQUEST FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 119) |

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's objection to Defendants' motion to modify the discovery and scheduling order and request for reconsideration of the Court's April 27, 2021 order, filed on May 26, 2021.

**I.**

**DISCUSSION**

**A.　　Objection to Defendants' Motion to Modify the Discovery and Scheduling Order**

On May 18, 2021, Defendants filed a motion to modify the discovery and scheduling order. (ECF No. 113.) Defendants submitted that due to Plaintiff's placement in a mental health crisis bed, and on orders from Plaintiff's mental health treatment team, Defendants have been unable to depose Plaintiff, and will be unable to do so before the May 24, 2021 discovery cut-off. Defendants therefore requested to extend the discovery deadline by ninety days to August 20, 2021, to depose Plaintiff. In

1

addition, Defendants requested that the dispositive motion deadline be extended as the deposition was necessary to file such motion.

On May 19, 2021, the Court granted Defendants' request on the basis of good cause and the discovery deadline was extended to August 20, 2021, for the limited purpose of deposing Plaintiff, and the dispositive motion deadline was extended to October 21, 2021. (ECF No. 115.)

Plaintiff objects to Defendants' motion and argues that they had ample time to take his deposition and file a dispositive motion. Contrary to Plaintiff's contention, Defendants provided sufficient good cause to extend the discovery deadline for a period of ninety days for the limited purpose of taking Plaintiff's deposition as it is unclear when Plaintiff will be released mental health crisis bed and his mental health team will allow him to be deposed. Defendants also demonstrated good cause to extend the correlating deadline to file a dispositive motion for a period 90 days after the expiration of the discovery deadline. Accordingly, Plaintiff's objection to Defendants' motion is overruled.

### B. Motion for Reconsideration of Court's April 27, 2021 Order

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). Further, " '[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation…'" of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F.Supp. 834, 856 (D N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion[.]"

///
///

In denying Plaintiff's requests, the Court stated, in pertinent part, the following:

> Plaintiff seeks a protective order because he has safety concerns and fear of continuous retaliation by prison officials. Plaintiff's speculative fear of retaliation, without more, does not relieve him of the obligation to participate in his deposition as required by the Federal Rules of Civil Procedure. Indeed, Plaintiff references incidents which took place at different facilities and by individuals who are not Defendants in this action. Further, Plaintiff's vague claim that he does not have access to his legal property, alone, does not relieve him of his obligation to participate in his deposition. Plaintiff fails to set forth what and why access to his legal property is necessary to participate in his deposition. Thus, the Court finds that Plaintiff's allegation that he cannot participate in a deposition because he does not have access to all the documents he needs is not sufficient to show that he should not be compelled to attend a deposition. See Smith v. Chanelo, No. 1:18-cv-1356 NONE BAM (PC), 2020 WL 1288402 at *5 (E.D. Cal. Ma. 18, 2020) (stating that plaintiff must still attend a properly noticed deposition even if through no fault of his own he does not have his legal papers). In addition, Plaintiff provides no reason why his deposition should be stayed until Defendants have responded to his purported discovery requests. Plaintiff brought this civil action and Defendants are clearly entitled to take his deposition. It appears that Plaintiff is simply unreasonably refusing to cooperate in that regard. There is no indication in the instant motion that a lack of legal documentation or preparation will prevent Plaintiff from being deposed. Plaintiff is informed that he is required to appear at a properly noticed deposition and respond to questions by Defendants' counsel. In answering questions, Plaintiff is not required to speculate or guess, although he may be asked to give an estimate of matters where estimates are commonly made (e.g., distance, size, weight, etc.). Plaintiff may review documents or other evidence available at the deposition for the purpose of refreshing his memory. If Plaintiff does not have his legal papers, through no fault of his own, he is informed he must still appear for a properly noticed deposition. Plaintiff is advised that if he fails to cooperate with discovery, this action may be subject to terminating sanctions due to plaintiff's failure to obey a court order and failure to cooperate in discovery. See Fed. R. Civ. P. 37(b)(2)(a)(v). Accordingly, Plaintiff's motion for a protective order to stay the taking of his deposition shall be denied.

(ECF No. 108 at 3-4.) Furthermore, as stated in the Court's May 20, 2021 order, Defendants have agreed to provide Plaintiff with copies of all written discovery that has been exchanged to date. (ECF No. 116 at 2.) Plaintiff fails to present facts or law to warrant reconsideration of the prior order denying his request a preliminary injunction. Rather, Plaintiff merely presents the same arguments previously considered and rejected by the Court. Plaintiff's disagreement with the Court's April 27, 2021 order does not provide a basis for reconsideration. Accordingly, Plaintiff's motion for reconsideration shall be denied.

///

///

3

**C. Request for Temporary Restraining Order**

Plaintiff requests a temporary restraining order to provide him a 24-hour observation unit team (same a suicide watch) to make sure he is feed, showered, provided yard, and not subject to attack. (ECF No. 119 at 4.)

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Here, Plaintiff's motion does not demonstrate that he is likely to succeed on the merits, that he will suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his

4

favor, or that an injunction is in the public interest.  This action is proceeding on Plaintiff's claim against defendants Usher, Rimbach, German, Ulit, Spaeth, and Sao for violation of the Eighth Amendment, based on Plaintiff's allegations related to Valley Fever while housed at Kern Valley State Prison.  (ECF No. 21.)  The pendency of this case does not provide Plaintiff with standing to seek relief directed at remedying his current conditions of confinement, which are occurring at a different prison and which involve different prison employees.  <u>Summers v. Earth Island Institute</u>, 555 U.S. 488, 493 (2009) (citation omitted); <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992); <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010).  Plaintiff is not entitled to any relief that is not narrowly drawn to correct the violation of his rights at issue in this action.  While Plaintiff may desire to be provided 24-hour assistance, he has failed to demonstrate entitlement to injunctive relief and his motion must be denied.

## II.
## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's objection to Defendants' motion to modify the discovery and scheduling order is overruled;
2. Plaintiff's motion for reconsideration of the Court's April 27, 2021 order is denied; and
3. Plaintiff's motion for a temporary restraining order is denied.

IT IS SO ORDERED.

Dated:  **May 27, 2021**

UNITED STATES MAGISTRATE JUDGE