**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>    Plaintiff,<br><br>v.<br><br>C. OGBUEHI, et al.<br><br>    Defendants. | Case No.: 1:17-cv-01128-SAB (PC)<br><br>ORDER DENYING PLAINTIFF LEAVE TO FILE AN AMENDED COMPAINT, AND STRIKING PLAINTIFF'S SECOND AMENDED COMPLAINT<br><br>(ECF No. 107) |

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed on April 26, 2021. (ECF No. 107.)

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's claim against Defendants German, Ulit, Spaeth, and Sao for violation of the Eighth Amendment based on Plaintiff's allegations related to Valley Fever. (ECF No. 21 at 3.)

Defendants filed an answer to the first amended complaint on May 5, 2020. (ECF No. 65.)

On May 12, 2020, the Court issued the discovery and scheduling order. (ECF No. 66.)

On June 2, 2020, the Court set this matter for a settlement conference before Magistrate Judge Barbara A. McAuliffe and stayed the case. (ECF No. 71.) After the case did not settle, the Court amended the discovery and scheduling order on September 23, 2020. (ECF No. 80.) The deadline to amend the pleading was set for March 23, 2021 (Id.)

1

|   |   |
|---|---|
| 1 | On March 4, 2021, Plaintiff filed a motion to extend the deadline to amend the pleadings. |
| 2 | (ECF No. 100.) Plaintiff's motion was granted on April 8, 2021, and the deadline to amend the |
| 3 | pleadings was extended to May 7, 2021. (ECF No. 104.) |
| 4 | On April 26, 2021, Plaintiff filed a second amended complaint. (ECF No. 107.) |
| 5 | On April 30, 2021, Defendants filed a motion to strike Plaintiff's second amended complaint |
| 6 | because Plaintiff did not request or obtain leave to file an amended complaint. |

## II.

## DISCUSSION

Because Defendants have already answered the complaint, Rule 15(a)(2) of the Federal Rules of Civil Procedure govern whether plaintiff may amend. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." However, a "district court does not err in denying leave to amend where the amendment would be futile." Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991). Further, leave to amend may be denied where "undue prejudice to the opposing party" would result. Moore v. Kayport Package Express, 885 F.2d 531, 538 (9th Cir. 1989).

Here, Plaintiff did not request nor obtain leave of the Court to file a second amended complaint, and the filing of the second amended complaint was improper. However, even if the Court construes the filing of the second amended complaint as a request to amend, the motion must be denied. As far as the Court can decipher, it appears that Plaintiff is seeking to supplement the complaint based on newly discovered appeals which allegedly demonstrate that additional Defendants were deliberately indifferent to his serious medical needs and denied him access to the courts. More specifically, the second amended complaint alleges, in pertinent part, the following:

> On December 7, 2020, after plaintiff received this newly-discovered evidence, through discovery, responses to interrogatories, production of documents and admissions, from defendants J. Wheeler's clients W. Ulit, J. German, J. Usher, S. Rimach, I. Sao and M. Spaeth, plaintiff immediately filed an [e]mergency medical custody appeal per CCR § 3084.9. (See Log No. SVSP HC 2100162).

> On July 19, 2020 plaintiff was placed in (ASU) at (SVSP) for safety concerns. [H]e was on (NDS) non-disciplinary status. While housed in administrative segregation unit [plaintiff] was denied treatment for his recurrent episodes of coccidioidomycosis by defendants PT Kelly,

2

PCP R. Javante, RN M. Patty, S Gates, E. Ezeka, Dr. Howl, S. Ell, M. Padilla (Appeals RN), M Villanueava, T. Lemon and the defendant in Sacramento J. Wheeler, Jon S. Allin, A. Leyva, H. Moseley, K. Martin, M. Voong, J. Lewis—all retaliated against the [plaintiff] behind this suit. Plaintiff was denied all his programming needs and activities such as yard, showers, meals, mail, meds, treatment for his colitis (rectal pain/bleeding) weight loss and even his ADA needs were never met. For example, plaintiff, how is medically assigned to an (ADA) wheelchair due to his poor circulation—DVT-deep vein thrombosis repeatedly denied [his] ADA-van due to his mobility impaired condition the defendants would literally had to carry him up onto the van for medical appointments because defendant R. Javante, M. Patty, T. Lemon, S. Gate, M. Villanueva, and other Sacramento defendants refused to return his emergency appeal for the ADA-van lift. Plaintiff filed nearly 31 appeals (medical custody issues) from July 2020 through March 12, 2021 against defendants A. Pacheco, for spreading COVID-19 by contaminating plaintiff's food meals, indigent supplies, T. Lemon for bogus transfer, failure to protect, R. Javate, M. Patty, Kelly, D. Orozco, Dr. Godmon, J. Gregg, E. Ezeka, D. Sibaja, M. Padilla, E. Garcia, Y. Washington, DR. Howl, M. Padilla, E. Garcia, J. Uribe, R. Day, M. Gonzales, K. Ayana, B. Ramirez, J. Rubbio, C. Duke, A. Uzura, J. Gamez, and all medical staff complaints filed against these defendants and others were either never returned or not processed by defendants T. Lemon, M. Padilla, M. Villanueva and defendants in Sacramento. Defendants in (ASU) all failed to protect, denied programming needs, legal mail.

…………………………………………………………………………………………

On March 14, 2021 plaintiff filed an [e]mergency appeal-staff complaint against custody, medical and mental health staff upon his arrival at (CHCF) California Health Care Facility at Stockton mental health crisis unit. (Log #09841) the appeal noted OOA acknowledgment of receipt and closure of grievance-emergency detected the plaintiff was not notified of the course of action to address his claims within the five business days no counselor responded to plaintiff's written request for interview as plaintiff has safety concerns-under failure to protect and suffers daily from (BPSD) Battered Prisoner Syndrome Disorder, irreparable harm and is under imminent danger. Plaintiff received (2) two bogus (RVR-115) disciplinary citation (for the record, defendants at KVSP) have failed to meet the time constraints-or hold a disciplinary hearing). Plaintiff is on anticoagulation medication-therapy (blood thinner) and defendants caused plaintiff to bleed out excessively daily due to the open wounds on his right hand, arm, wrist, and fingers from being attacked by defendants using their grip handle of their batons to strike plaintiff right arm, wrist, hand and fingers repeatedly in retaliation for filing this suit.

On or about September 2020 plaintiff inadvert[e]ntly received a letter from defendant Sara E. Coppin an appointed attorney for plaintiff's direct appeal of a plea bargain two (2) conviction in said correspondence the defendant provided evidence to support her claim that the prison officials (ASU) Salinas Valley defendants had repeatedly violated our attorney/client confidentiality by returning legal mail addressed from her to the plaintiff as returned to sender as if the plaintiff did not exist at the prison when he actually did. The defendants informed plaintiff that she contacted the postal service and that office could not explain why. Now, knowing this information did not report it to the presiding judge or file a complaint with the post master general's office or internal affairs to do absolutely nothing caused an actual injury by preventing him from pursing a timely appeal-writ to challenge his conviction sentence. The

3

> defendant action or inaction or failure to act meets the Strickland v. Washington standard of a clear ineffective assistance of counsel which is a constitutional violation. In any event, the defendant willingly participated and acted in concert with the prison officials deliberate efforts to deceive the court by obstruction of justice in a conspiracy to commit murder against plaintiff in retaliation for filing non-frivolous suits. In a nutshell, defendant Sara E. Coppin will also prove the plaintiff's claim regarding not only the defendant's mail fraud tampering and the exhaustion of the appeals process being effectively unavailable for certain staff complaints … against defendants at (SVSP) & (KVSP).
>
> Also knew about plaintiff's coccidiomycosis, clotting, colitis and his medically vulnerabilies to contracting COVID-19 coronavirus due to a defective immune system-plaintiff is susceptible and should be released-once his credits-extraordinary good conduct time is restored from the bogus (2) attempted murder (RVR 115) disciplinary citation from (RJD) Donovan Correctional Facility from 2018 through to date.

(ECF No. 107 at 4-8.)

This action is proceeding on Plaintiff's first amended complaint filed on April 9, 2018, based on the allegations "that an auditor, M. Escobar, issued a CDCR-128-C3 medical classification chrono, dated October 2, 2014, indicating that Plaintiff is a high medical risk with specialized outpatient ("SOP") and Cocci Area 2 ineligible. Defendant Usher and Defendant Rimbach had access to Plaintiff's C-file with this information, and possessed the information pertaining to the Cocci Area 2 ineligibility. Knowing this, they nevertheless subjected Plaintiff to Cocci exposure in his housing conditions. On or about September 6, 2015, Plaintiff complained to Defendant German, an RN, about his flu-like symptoms, chest pains, and severe weight loss, but was not given any treatment. Defendant German also failed to process Plaintiff's sick call slips to see the doctor. Defendants Ulit, Spaeth and Sao also denied Plaintiff's emergency medical appeals and 602 appeals requesting treatment for severe weight loss, chest pain, and for preventative measures to prevent Valley Fever. It was not until after submitting several additional sick call slips that Plaintiff was finally taken to a hospital on November 16, 2015, and was diagnosed with Valley Fever and pneumonia in his lungs." (ECF No. 19 at 4-5.)

Because the second amended complaint seeks to add new claims arising out of events occurring after the filing of this action, Plaintiff's request to amend is governed by the provisions of Rule 15(d) of the Federal Rules of Civil Procedure. Rule 15(d) provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

4

Fed. R. Civ. P. 15(d). Rule 15(d) covers both new claims and new parties. See Cabrera v. City of Huntington Park, 159 F.3d 374, 382 (9th Cir. 1998); Keith v. Volpe, 858 F.2d at 473-74; see also Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 226 (1964) ("Rule 15(d) ... plainly permits supplemental amendments to cover events happening after suit and it follows, of course, that persons participating in these new events may be added if necessary.").

Unlike Rule 20, Rule 15(d) contains no "transactional" test. See Keith v. Volpe, 858 F.2d at 473-74. However, "some relationship must exist between the newly alleged matters and the subject of the original action...." Id. at 474.

A court has discretion whether to permit the filing of a supplemental complaint. See Howard v. City of Coos Bay, 871 F.3d 1032, 1040 (9th Cir. 2017) ("only at the district court's discretion are parties permitted to file a supplemental complaint") (citation omitted). In exercising this discretion, a court may consider: (1) the relation between the original and supplemental complaints; (2) the interests of judicial economy; (3) evidence of delay, bad faith, or dilatory motive on the part of the moving party; (4) the prejudice to the opposing party if the court permitted the filing of the supplemental complaint; and (5) the futility of amendment. See Williams v. Calif. Dep't of Corrections, 2019 WL 6918206, at *3 n.2 (E.D. Cal. Dec. 19, 2019); San Luis & Delta-Mendota Water Authority v. U.S. Dep't of Interior, 236 F.R.D. 491, 497 (E.D. Cal. 2006).

The allegations in the second amended complaint took place several years after filing the instant action and all involve medical circumstances after he tested positive for Valley Fever. Plaintiff seeks to add new claims against numerous new parties. The new claims assertedly arose long after the events giving rise to the claims asserted in Plaintiff's first amended complaint (the operative pleading). Although, like the existing claims, some of the new claims allege deliberate indifference to Plaintiff's medical condition, the new claims concern events quite different in time and scope from the existing claims. Further, the new claims involve new Defendants who are unrelated to the claims asserted in the first amended complaint. Plaintiff also appears to propose to add a claim of denial of access to the courts and retaliation, claims wholly different from the existing claims. See Womack v. Windsor, No. 2:15-cv-0533 MCE KJN P, 2016 WL 4702827, at *3 (E.D. Cal. Sept. 7, 2016) (denying motion to file supplemental complaint adding a retaliation claim which involved "multiple elements

not pertinent to the claims [of deliberate indifference to medical needs] raised in plaintiff's original pleading, and none of the defendants who [had] answered were involved in the alleged retaliation"). A court properly declines to allow a plaintiff to file a supplemental complaint asserting such new and disparate claims. See Bradford v. Ogbuehi, No. 1:15-cv-01918-AWI-BAM (PC), 2018 WL 430097, at *2 (E.D. Cal. Jan. 16, 2018) (declining to allow prisoner plaintiff to file supplemental complaint based on alleged denial of medical care occurring over a year after the denial of medical care by different defendants for the same condition alleged in the operative complaint). Therefore, judicial economy will not be served by allowing supplementation here. Rather, these unrelated claims against new and different defendants belong in a different lawsuit. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.") Accordingly, Plaintiff's motion to amend and supplement the complaint shall be denied.

### III.
### CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend and supplement the complaint is denied; and
2. The second amended complaint filed on April 26, 2021 (ECF No. 107) is stricken from the record.

IT IS SO ORDERED.

Dated: **May 28, 2021**

UNITED STATES MAGISTRATE JUDGE