UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>    Plaintiff,<br><br>v.<br><br>C. OGBUEHI, et al.<br><br>    Defendants. | Case No.: 1:17-cv-01128-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EVIDENTIARY HEARING AND PRELIMINARY INJUNCTION<br><br>(ECF No. 123) |

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 1, 2021, Plaintiff filed a motion for an evidentiary hearing and preliminary injunction. (ECF No. 123.)

**I.**

**DISCUSSION**

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

///

1

1   "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

  Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

  Plaintiff seeks a preliminary injunction to gain access to his legal and personal property, reimbursement for any lost, damaged, or destroyed property, and a 24-hour observation unit to ensure that his needs are met. Plaintiff's motion must be denied.

  This action is proceeding on Plaintiff's claim against Defendants German, Ulit, Spaeth, and Sao for violation of the Eighth Amendment based on Plaintiff's allegations related to Valley Fever. Plaintiff's vague claim that he does not have access to his legal property, alone, does not entitled him to a preliminary injunction. Further, Plaintiff fails to set forth what and why access to his legal property is necessary to participate in his deposition. Moreover, as stated in the Court's May 20, 2021 order, Defendants have agreed to provide Plaintiff with copies of all written discovery that has been exchanged to date. (ECF No. 116 at 2.) In addition, the Court cannot reimburse Plaintiff for any lost, damaged, or destroyed property. See Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895) (California law provides him with an adequate state post-deprivation remedy, and his substantive and procedural due process claims challenging the loss of his property are not cognizable in a § 1983 action.). Lastly, with regard to Plaintiff's request for a 24-hour observation

team unit, as stated in the Court's May 27, 2021 order, "[t]he pendency of this case does not provide Plaintiff with standing to seek relief directed at remedying his current conditions of confinement, which are occurring at a different prison and which involve different prison employees. Plaintiff is not entitled to any relief that is not narrowly drawn to correct the violation of his rights at issue in this action. While Plaintiff may desire to be provided 24-hour assistance, he has failed to demonstrate entitlement to injunctive relief and his motion must be denied." (ECF No. 121 at 5:4-11) (citations omitted).  For the same reasons, Plaintiff is not entitled to an order directing that he be provided 24-hour assistance.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for a preliminary injunction, filed on June 1, 2021 (ECF No. 123) is denied.

IT IS SO ORDERED.

Dated:  **June 3, 2021**

UNITED STATES MAGISTRATE JUDGE