# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. OGBUEHI, et al.<br><br>　　　　Defendants. | Case No.: 1:17-cv-01128-SAB (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO ORDER DENYING HIS MOTION TO COMPEL<br><br>(ECF No. 124) |

　　　　Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On June 1, 2021, Plaintiff filed objections to the Court's May 20, 2021 order denying his motion to compel. (ECF No. 124.) Plaintiff contends that he should be allowed to appear telephonically at his deposition and the Court should order the return of his legal and personal property. Plaintiff's objections must be overruled.

　　　　With regard to Plaintiff's access to his property, the Court's May 20, 2021 order specifically stated that Defendants have agreed to provide Plaintiff with copies of all written discovery that has been exchanged to date. (ECF No. 116 at 2.) Further, as Plaintiff was previously advised, "Plaintiff's vague claim that he does not have access to his legal property, alone, does not relieve him of his obligation to participate in his deposition. Plaintiff fails to set forth what and why access to his legal property is necessary to participate in his deposition. . . . There is no indication in the instant motion that a lack of legal documentation or preparation will prevent Plaintiff from being deposed." (ECF No. 108 at 3-4.) Moreover, Plaintiff's deposition has yet to be re-set and there is no request for Plaintiff to produce documents at such deposition pursuant to Federal Rule of Civil Procedure 30(b)(2). Plaintiff is further

1

advised that he is not entitled to free copies from the Court, and the Court will not provide him a free copy of the entire docket in this case. The Clerk charges $.50 per page for copies of documents. See 28 U.S.C. § 1914(a). Copies of up to twenty pages may be made by the Clerk's Office at this court upon written request and prepayment of the copy fees. Under 28 U.S.C. § 2250, the Clerk is not required to furnish copies without cost to an indigent petitioner except by order of the judge. To request copies of his Complaint at this juncture, Plaintiff must submit a request in writing to the Clerk, a large self-addressed envelope affixed with sufficient postage, and prepayment of copy costs to the Clerk.

With regard to Plaintiff's request to be deposed by telephone, Rule 30(b)(4) allows depositions to "be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). The Court authorizes the use of remote depositions by videoconference in this action, which will help secure a "just, speedy, and inexpensive determination." Fed. R. Civ. P. 1; ECF No. 66 at ¶ 3); see also Velicer v. Falconhead Capital LLC, No. C19-1505 JLR, 2020 WL 1847773, at *2 (W.D. Wash. Apr. 13, 2020) (finding no good cause to extend scheduling order deadlines by ninety days and urging the parties to consider remote depositions); Sinceno v. Riverside Church in City of New York, No. 18-CV-2156 (LJL), 2020 WL 1302053, at *1 (S.D.N.Y. Mar. 18, 2020) (authorizing remote depositions "[i]n order to protect public health while promoting the 'just, speedy, and inexpensive determination of every action and proceeding' " (citation omitted)).

Here, Defendants have indicated that when Plaintiff's deposition is re-set it will conducted by videoconference. (ECF No. 116 at 2.) While Plaintiff may prefer to be deposed telephonically, the Court finds no basis to order Defendants to conduct the deposition telephonically, absent a stipulation to do so.

Based on the foregoing, Plaintiff's objections to the Court's May 20, 2021 order are overruled.

IT IS SO ORDERED.

Dated: __**June 3, 2021**__

UNITED STATES MAGISTRATE JUDGE