**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>C. OGBUEHI, et al.<br><br>Defendants. | Case No.: 1:17-cv-01128-SAB (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO COURT'S MAY 28, 2021 ORDER DENYING HIS MOTION TO AMEND THE COMPLAINT<br><br>(ECF No. 127) |

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 28, 2021, the Court denied Plaintiff's motion for leave to file an amended and/or supplemental complaint and his second amended complaint was stricken from the record. (ECF No. 122.)

On June 10, 2021, Plaintiff filed objections to the Court's May 28, 2021 order. (ECF No. 127.)

Plaintiff contends that he sought to add new claims and additional parties who acted in concert with the Deputy Attorney to deliberately misrepresent the facts and because Defendants did not oppose his requests to extend the deadline to amend the pleadings, he is entitled to relief. Plaintiff's objections must be overruled.

///

///

///

///

///

Initially, Plaintiff is advised that the fact the Court granted his requests to extend the deadline to amend the pleadings does not entitle him to amend as a matter of right as amendment is governed by Federal Rule of Civil Procedure 15.  Further, as stated in the Court's May 28, 2021 order,

> The allegations in the second amended complaint took place several years after filing the instant action and all involve medical circumstances after he tested positive for Valley Fever. Plaintiff seeks to add new claims against numerous new parties. The new claims assertedly arose long after the events giving rise to the claims asserted in Plaintiff's first amended complaint (the operative pleading).  Although, like the existing claims, some of the new claims allege deliberate indifference to Plaintiff's medical condition, the new claims concern events quite different in time and scope from the existing claims. Further, the new claims involve new Defendants who are unrelated to the claims asserted in the first amended complaint.  Plaintiff also appears to propose to add a claim of denial of access to the courts and retaliation, claims wholly different from the existing claims. See Womack v. Windsor, No. 2:15-cv-0533 MCE KJN P, 2016 WL 4702827, at *3 (E.D. Cal. Sept. 7, 2016) (denying motion to file supplemental complaint adding a retaliation claim which involved "multiple elements not pertinent to the claims [of deliberate indifference to medical needs] raised in plaintiff's original pleading, and none of the defendants who [had] answered were involved in the alleged retaliation").  A court properly declines to allow a plaintiff to file a supplemental complaint asserting such new and disparate claims. See Bradford v. Ogbuehi, No. 1:15-cv-01918-AWI-BAM (PC), 2018 WL 430097, at *2 (E.D. Cal. Jan. 16, 2018) (declining to allow prisoner plaintiff to file supplemental complaint based on alleged denial of medical care occurring over a year after the denial of medical care by different defendants for the same condition alleged in the operative complaint).  Therefore, judicial economy will not be served by allowing supplementation here.   Rather, these unrelated claims against new and different defendants belong in a different lawsuit.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.")

(ECF No. 122 at 5-6.)

Plaintiff's objections fail to meaningfully address the Court's May 28, 2021 order.  While Plaintiff may disagree with the Court's order, he fails to present any valid grounds to justify reversal or modification of the Court's May 28, 2021 order.  Accordingly, Plaintiff's objections are overruled.

IT IS SO ORDERED.

Dated:   **June 11, 2021**

UNITED STATES MAGISTRATE JUDGE