# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. OGBUEHI, et al.<br><br>　　　　Defendants. | Case No.: 1:17-cv-01128-SAB (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS, AND DIRECTING DEFENDANTS TO FILE A RESPONSE TO PLAINTIFF'S REQUEST TO VOLUNTARILY DISMISS THIS ACTION<br><br>(ECF No. 129) |

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's objections to the Court's June 3, 2021 order denying his request for an evidentiary hearing and preliminary injunction, filed June 14, 2021. Plaintiff also requests to voluntarily dismiss the action, without prejudice, to appeal prior rulings by the Court. (ECF No. 129.) Defendants did not file an opposition and the time to do so has now passed.

On June 3, 2021, the Court denied Plaintiff's request for an evidentiary hearing and preliminary injunction finding he failed to meet the necessary requirements. (ECF No. 125.) The Court specifically stated, in part, as follows:

> Plaintiff seeks a preliminary injunction to gain access to his legal and personal property, reimbursement for any lost, damaged, or destroyed property, and a 24-hour observation unit to ensure that his needs are met. Plaintiff's motion must be denied.
> This action is proceeding on Plaintiff's claim against Defendants German, Ulit, Spaeth, and Sao for violation of the Eighth Amendment based on Plaintiff's allegations related to Valley Fever. Plaintiff's vague claim that he does not have access to his legal property, alone, does not entitled him to a preliminary injunction. Further, Plaintiff fails to set forth what and why access to his legal property is necessary to participate in his deposition. Moreover, as stated in the Court's May 20, 2021 order, Defendants have agreed to provide Plaintiff with copies of all

written discovery that has been exchanged to date. (ECF No. 116 at 2.) In addition, the Court cannot reimburse Plaintiff for any lost, damaged, or destroyed property. See Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895) (California law provides him with an adequate state post-deprivation remedy, and his substantive and procedural due process claims challenging the loss of his property are not cognizable in a § 1983 action.). Lastly, with regard to Plaintiff's request for a 24-hour observation team unit, as stated in the Court's May 27, 2021 order, "[t]he pendency of this case does not provide Plaintiff with standing to seek relief directed at remedying his current conditions of confinement, which are occurring at a different prison and which involve different prison employees. Plaintiff is not entitled to any relief that is not narrowly drawn to correct the violation of his rights at issue in this action. While Plaintiff may desire to be provided 24-hour assistance, he has failed to demonstrate entitlement to injunctive relief and his motion must be denied." (ECF No. 121 at 5:4-11) (citations omitted). For the same reasons, Plaintiff is not entitled to an order directing that he be provided 24-hour assistance.

(ECF No. 125 at 2-3.) Plaintiff contends that "it appears unfair, without common sense or logic, for the court to assume [plaintiff] does not need his legal property or exhibits to defeat summary judgment after being deposed, put another way, plaintiff cannot challenge any argument successfully because the [judge] will not allow it." (ECF No. 129 at 2.) Plaintiff's objections shall be overruled. To date, no motion for summary judgment has been filed, and the dispositive motion deadline does not expire until October 21, 2021. (ECF No. 115.) Thus, there is no merit to Plaintiff's claim that his lack of access to his legal property has caused him prejudice. Furthermore, the Court finds that the more appropriate remedy would be a reasonable extension of any relevant deadline, if the need presents itself in the future. Accordingly, Plaintiff's objections to the Court's June 3, 2021 order are overruled.

With regard to Plaintiff's motion to dismiss the action, Plaintiff is advised that subject to exceptions not applicable here, a plaintiff may voluntarily dismiss an action without a court order and without prejudice by filing:

> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A). Prior to filing the motion to dismiss, Defendants filed an answer. (ECF No. 65.) Therefore, this action cannot be dismissed pursuant to Rule 41(a)(1)(A)(i). However, Defendants may stipulate to dismissal pursuant to Rule 41(a)(1)(A)(ii). If Defendants decline to

2

stipulate, the Court may dismiss this action based upon Plaintiff's request, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Accordingly, it is ORDERED that:

1. Plaintiff's objections to the Court's June 3, 2021 order are overruled; and
2. Defendants shall have seven days to file and serve a stipulation to the dismissal of this action pursuant to Rule 41(a)(1)(A)(ii), or to otherwise respond to Plaintiff's motion to dismiss.[1]

IT IS SO ORDERED.

Dated: **July 7, 2021**

UNITED STATES MAGISTRATE JUDGE

---

[1] If Defendants stipulate, the Court will construe the parties' filings as a stipulation for voluntary dismissal pursuant to Rule 41(a)(1)(A)(ii).